## Savage v.
## Correlated Health Service
### [Cite as 7 AOA 352]

*Case No. 14491, 14498*
*Summit County, (9th)*
*Decided October 17, 1990*

*Timothy T. Scanlon, 1100 First Nat'l. Tower, Akron, Ohio 44308, for Plaintiffs.*

*James E. Poland, 250 S. Chestnut St., Ravenna, Ohio 44266, Michael M. Djordjevic, 1001 Lakeside Ave., #1600, Cleveland, Ohio 44114*

*and Donald A. Powell, 50 S. Main St., P. O. Box 1500, Akron, Ohio 44309, for Defendants.*

CACIOPPO, J.

Stephen J. Sveda, M.D. and Stephen J. Sveda, M.D., Inc ("appellants Sveda") along with David W. Snyder, D.C., David W. Snyder, D.C., Inc ("appellants Snyder") and Michael Shimmel, D.C. appeal the jury's verdict granting appellee and cross-appellant Edward R. Savage monetary relief for his medical malpractice complaint. We affirm.

In 1967 Savage was injured at his place of employment. Between 1967 and 1987 Savage was subject to episodes of back pain and would receive chiropractic treatment to alleviate his pain. Savage had an occurrence of back pain in March of 1987 and sought chiropractic treatment from or. Archer. Archer, unhappy with Savage's lack of improvement, referred Savage to Dr. David Snyder, another chiropractor.

Savage vent to Snyder's office at the Correlated Health Services' facility and he was seen by Snyder and Dr. Sveda, an orthopedic doctor and medical director of Correlated. After he performed several tests, Sveda made several recommendations, including continued chiropractic manipulation.

In May of 1987 Savage was treated by Dr. Shimmel, a chiropractor covering appointments for Dr. Snyder that day. Savage noted that Shimmel's chiropractic manipulations were more forceful than the manipulations he received from Dr. Snyder.

Following this treatment Savage began to experience physical problems. He had lost control of his bladder and bowels. Two days, later he, was taken by paramedics, to Robinson Memorial Hospital. Savage underwent decompression back surgery during his hospitalization for treatment of his condition, diagnosed as cauda equina syndrome. Subsequently, Savage filed a complaint alleging permanent injuries as a result of the defendants' malpractice

Savage's allegation of malpractice against the defendants was tried to a jury. At the close of Savage's case, the trial court issued a directed verdict in favor of Correlated Health Services and other medical defendants who are not parties to this appeal. The jury found in favor of Savage against appellants Sveda, Snyder and Shimmel. The jury also found in favor of Savage's wife for her loss of consortium claim.

Following trial, the court amended its judgment entry pursuant to the provisions of R.C.

2307.43 and R.C. 2305.27, reducing the medical claim recovery from $1,035,000 to $735,000. Subsequent motions by appellants for a new trial or judgment notwithstanding the verdict were overruled.

Appellants Sveda are before this court asserting three assignments of error. Appellants Snyder and Shimmel have raised six assignments of error. On cross-appeal Savage sets forth three assignments of error.

### Sveda's Assignment of Error I.

"The trial court committed prejudicial error when it denied defendants-appellants Stephen J. Sveda, M.D. and Stephen J. Sveda, M.D., Inc.'s motions for directed verdict because plaintiffs-appellees failed to establish a Primal facie case medical negligence."

Appellants Sveda argue that there was insufficient evidence presented at trial to prove medical negligence, and therefore, the trial court should have entered a directed verdict in favor of Sveda. Specifically, appellants argue that there was insufficient evidence to establish that Dr. Sveda's advice deviated from accepted standards of care, and that this advice was not the proximate cause of Savage's injury. We disagree.

Ordinarily, the existence of both negligence and proximate cause are, in a jury trial, questions of fact for the determination of the jury under proper instructions from the court. *Strother v. Hutchinson* (1981), 67 Ohio St. 2d 282, 288. when considering a motion for a directed verdict, a trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. *Id.* at 284. Civ. R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

To entitle the plaintiff in medical malpractice suit to have a case submitted to a jury it is necessary for the plaintiff to establish by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things. *Bruni v. Tatsumi* (1976), 46 Ohio St. 2d 127, paragraph one of the syllabus. An orthopedic surgeon is held to the standard of care of a reasonable specialist practicing medicine or surgery in that same specialty in the light of present day scientific knowledge in that specialty field. *Id.*, at paragraph two of the syllabus.

In the instant case, in our review of the record evidence, we must determine as a matter of law whether there was legally sufficient evidence to support the trial court's determination that a motion for a directed verdict should have been overruled. *Ruta v. Breckenridge-Remy Co.* (1982), 69 Ohio St. 2d 66, 68. The reasonable minds test of Civ. R. 50(A) (4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of that party's claim. *Id.*, at 69.

At trial Savage presented probative evidence from medical experts that Dr. Sveda's advice regarding further chiropractic manipulation fell below the accepted standard of care and that such advice was the proximate cause of Savage's injury. Since reasonable minds could disagree as to the issues of medical malpractice and proximate cause, the trial court properly allowed the jury to resolve the factual dispute. *Nickey v. Brown* (1982), 7 Ohio App. 3d 32, 37. Therefore, appellants Sveda's first assignment of error is overruled.

### Sveda's Assignment of Error II.

"The trial court committed prejudicial error when it denied defendants-appellants' Stephen J. Sveda, M.D. and Stephen J. Sveda, M.D., Inc.'s motions for directed verdict because acts of codefendants were intervening causes relieving defendants Sveda from any liability."

Sveda argues that the chiropractic maniPulation by Dr. Shimmel was an intervening act that broke the causal connection between Dr. Sveda's alleged negligence and Savage's injury, and therefore, a motion for a directed verdict in favor of Dr. Sveda should have been granted.

An intervening cause is one which comes into active operation in producing the result

after the negligence of the defendant. Prosser and Keeton, The Law of Torts (5th Ed. 1984) 301, Sec. 44. In order to be effective as a cause superseding or supervening prior negligence which breaks the chain of causation and cuts off possible liability for the original negligence, the intervening cause must be one not produced, brought about, or put into operation, by the original wrongful act or omission, but, must be a cause operating independently of the original negligence in producing the injury. *Thropp v. Bache Halsey Stuart Shields, Inc.*(C.A. 6, 1981), 650 F. 2d 817, 821; *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155. In the instant case, Dr. Sveda's negligent advice regarding manipulation made possible and brought about Dr. Shimmel's subsequent negligent act of excessively forceful manipulation. The latter event would not have occurred had Sveda recommended that no manipulation occur. Shimmel's negligent act was put into operation by Sveda's wrongful advice. Therefore, as a matter of law, the intervening negligence of the chiropractic appellants was not an intervening cause sufficient to interrupt a chain of causation. Under Ohio law, proximate cause is a factual issue. This is true even in determining whether an independent and intervening act is sufficient to cut off the chain of causation. *Drayton v. Jiffee Chemical Corp.* (C.A. 6, 1978), 591 F. 2d 352, 360. As a factual matter, where reasonable minds could disagree as to whether Dr. Shimmel's manipulations were an intervening cause sufficient to break the chain of causation, the trial court did not err in overruling appellant's motion for a directed verdict on this ground. See, *Ruta, supra*; *Nickey, supra*. This court will not substitute its judgment for that of the jury, therefore, appellants Sveda's second assignment of error is overruled.

### Sveda's Assignment of Error III.

"The trial court erred by not excluding previously undisclosed theories presented by plaintiffs' expert witness in violation of Civil Rule 26(E)."

### Snyder and Shimmel Assignments of Error.

"1. The trial court erred by not sustaining the motion of these appellants to limit the testimony of Dr. Schulze.

"2. The trial court erred by not sustaining the motion of these appellants for a mistrial as a result of the testimony of Dr. Schulze.

"3. The trial court erred by not sustaining the motion of these appellants for a continuance as a result of the testimony of Dr. Schulze.

"4. The trial court erred by not sustaining the motion of these appellants for a new trial as a result of the testimony of Dr. Schulze."

These four assignments of error combined in brief in a single argument all relate to the admission of testimony from Dr. Schulze, appellee's physician who provided expert testimony at trial. Since these assignments are interrelated to the error asserted by Sveda, they will be considered together.

Appellants argue that they were unfairly surprised by Dr. Schulze's testimony. They contend that testimony from Dr. Schulze concerning Savage's impotence, inability to work, and need to self-catheterize, were formulated following Schulze's examination of Savage on the opening day of trial. The appellants contend they were unfairly surprised when these opinions were presented at trial.

Civ. R. 26 provides, in pertinent part:
"***

"(E) Supplementation of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify."
"***."

An objective of this rule is to provide opposing counsel with updated and complete discovery regarding the substance of expert testimony. *Jackson v. Booth Memorial Hosp.* (1988), 47 Ohio App. 3d 176, 179. As the Ohio Supreme Court has reasoned:
"***.

"One of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries.***." *Jones v. Murphy* (1984), 12 Ohio St. 3d 84, 86. When there is an intentional violation of the rules,

Civ. R. 37 permits the exclusion of expert testimony. *Id.*; see *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St. 3d 83.

In the instant case, we do not find that the testimony of Dr. Schulze was so surprising to the appellants as to warrant its exclusion, or the declaration of a mistrial. We do not find that Dr. Schulze was a "surprise" witness, nor did Schulze provide a "new theory of causation" as was the situation in *Booth, supra.* There was evidence from other witnesses, including Savage's own testimony, concerning his physical problems.and inability to hold gainful employment. These opinions were discoverable before trial by either appellant had they chosen to pursue them. Further, the trial court did permit the appellants to have an independent physical examination of Savage during the course of the trial.

It is within the discretion of the trial court to grant a mistrial, a continuance or a new trial for surprise which ordinary prudence could not have, guarded against. *Goudy v. Dayton Newspapers, Inc.* (1967), 14 Ohio App. 2d 207, 212. Further, the admission of evidence during trial is a matter which rests within the sound discretion of a trial judge. *O'Brien v. Angley* (1980), 63 Ohio St. 2d 159, 163. Absent an abuse of discretion, a trial court rulings on these matters will not be disturbed by courts on appellate review. An abuse of discretion connotes more than an error of law or of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Huffman, supra,* at 87. Appellants have failed to demonstrate that the trial court's denial of their motions, seeking to prevent the testimony of Dr. Schulze, was an abuse of discretion. We do not find an element of surprise that would rise to the level that would constitute an "ambush" by the admission of Dr. Schulze's testimony. Further, we do not find an abuse of discretion in the denial of appellant's *in limine* or trial motions seeking a new trial, a mistrial or motion to exclude or limit such testimony.

Finding no violation of Civ. R. 26 that would call for a reversal of the trial court's decision, we overrule appellants Sveda's third assignment of error and appellants Snyder and Shimmel's first, second, third and fourth assignments of error.

*Snyder and Shimmel Assignment of Error V.*
"The trial court erred by not charging the jury that the testimony of the medical doctors as to these appellants was limited to the issue of causation."

Appellants argue that the refusal of the trial court to present their proposed special charge limiting the testimony of the medical doctors to the issue of causation was error. We disagree.

A jury charge should be correct and adapted to the case so it is not misunderstood or misconstrued by the jury. *Marshall v. Gibson* (1985), 19 Ohio St. 3d 10, 12. An incomplete charge will constitute grounds for reversal of judgment where the charge as given misleads the jury. *Id.*

In the instant case, appellants requested the following special charge.

"You have heard the testimony of doctors from various medical disciplines and these doctors have expressed expert opinions. Each doctor is limited and can only render expert opinions in his respective medical discipline. Dr. McLaurin, Dr. Kostuik and Dr. Schulze are medical doctors and you should not consider them experts in the discipline of chiropractic treatment. They are not qualified to render expert opinions concerning the standard of care of a reasonably prudent chiropractic. Thus, you shall not consider their testimony when deciding the issue of whether Dr. Shimmel and Dr. Snyder acted as reasonably prudent chiropractors in their treatment of the plaintiff."

At trial there was no evidence presented from the medical doctors mentioned in the proposed special charge that addressed the issue of the standard of care for a chiropractor. It is error to charge a jury with respect to an issue raised by neither the pleadings nor the evidence. *Hood v. New York, Chicago & St. Louis R.R. Co.* (1957); 166 Ohio St. 529, paragraph four of the syllabus; *Shakir v. Elek* (June 20, 1990), Lorain App. No. 89CA004651, unreported. When the trial court refused to present a special charge requested by the appellant, on issues that were neither alleged in the pleadings nor presented by the evidence at trial, it was not error to refuse to include such a special instruction within the charge to the jury.

Appellants Snyder and Shimmel's assignment of error is not well taken and is overruled.

*Snyder and Shimmel's Assignment of Error VI*
"The trial court erred not sustaining the motion to exclude the testimony of Dr. Kostuik for the reason that he is not licensed to practice

medicine by the State Medical Board or by the licensing authority of any state."

Appellants argue that the trial court erred in allowing the testimony of Dr. Kostuik, a Canadian physician since he was not a physician licensed by the state medical board or licensing authority of any state. Further, appellant contends that his testimony on the element of causation is incompetent under Evid. R. 601(D) since it constitutes testimony on the issue of liability.

Evid. R. 601(D) restates and supersedes R.C. 2743.43 with respect to expert testimony on medical liability issues. Staff Note, Rule 601(D). The rule provides:

"A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care or treatment of any person, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless such person devotes three fourths of his professional time to the active clinical practice in his field of licensure, or to its instruction in an accredited university."

The purpose of the restriction on expert testimony is to discourage, as far as possible, testimony regarding the proper standard of care by a "professional witness" or a physician who is sequestered in his laboratory and has no first-hand knowledge of the daily care of patients. *Wise v. Doctors Hospital North* (1982), 7 Ohio App. 3d 331, 334; *Price v. Cleveland Clinic Found.* (1986), 33 Ohio App. 3d 301, 304.

Appellant contends that Dr. Kostuik is not licensed by a state authority since he is licensed in the Canadian province of Ontario. R.C. 1.59 defines a state as follows:

"(G) 'State,' when applied to a part of the United States, includes any state, district, common-wealth, territory, insular possession thereof, and any area subject to the legislative authority of the United States of America. 'This state' or 'the state' means the state of Ohio."

Even though Dr. Kostuik is not licensed by any state within the definition of R.C. 1.59, the fact that Dr. Kostuik has received a temporary license from this state to assist during surgical operations in this state would qualify him as a competent witness within Evid. R. 601(D). However, as appellants concede, the testimony of Dr. Kostuik was limited to the issue of causation.

The distinction between the issues of damages and medical liability was recognized in *Wise, supra.*

"The liability issues are duty and breach of duty, liability being defined as responsibility for conduct. The damage issues are proximate cause and damages. R.C. 2743.43, [now Evid. R. 601(D)] was not intended to apply to expert testimony on all of the issues otherwise the restrictive adjective liability would not have been used. The restriction applies only to an expert testifying as to fault. ***." *Wise, supra*, at 333-334.

Based on the foregoing discussion, we find that the trial court did not err or abuse its discretion in admitting the testimony of Dr. Kostuik on the issue of causation. Therefore, appellants sixth assignment of error is overruled.

*Cross-Appellant's Assignments of Error.*
"1. The trial court erred in directing a verdict for defendant Correlated Health Services, Ltd.
"2. The trial court erred in applying to the plaintiffs' verdict the $200,000 general damages 'cap' of R.C. 2307.43.
"3. The trial court erred in applying to the plaintiffs' verdict the damages award reduction provisions of R.C. 2305.27."

Savage asserts three assignments of error in his cross-appeal. Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App. R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of the appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. *Pang v. Minch* (1990), 53 Ohio St. 38 186, 200.

In the instant case, we have determined that the trial court committed no error prejudicial to the appellant or appellee. Therefore, in following the directives of the Ohio Supreme Court and App. R. 12(B), we decline to rule on appellee's assignments of error in its cross-appeal.

Further, we find that the trial court did not abuse its discretion in failing to grant appellants motion for a new trial or a judgment notwithstanding the verdict. See, *Osler v. Lorain* (1986), 28 Ohio St. 38 345.

Therefore, the judgment of the trial court is affirmed.

CIRIGLIANO, J., concurs.

BAIRD, P.J., concurs in part and dissents in part.

Since it is clear that Savage has filed a notice of appeal and he has assigned errors asserting independent bases for reversal of certain aspects of the trial court's disposition of the case, his assignments of error on cross appeal must be ruled upon, and I dissent as to the majority's conclusion that this court should decline to so rule. I concur in the balance of the majority opinion.