JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff appeals from a common pleas court order granting summary judgment for the defendants. He argues:
 {¶ 2} I. THE COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO PRODUCE HIS EXPERTS FOR A DISCOVERY DEPOSITION PRIOR TO THE TRIAL DEPOSITION OF ANY OF APPELLEES' EXPERTS, FOUR CALENDAR DAYS LATER (OR TWO BUSINESS DAYS).
 {¶ 3} II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PERMITTED APPELLEES TO BYPASS THE RULES OF CIVIL PROCEDURE AND SANCTIONED APPELLANT.
 {¶ 4} III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT EXCLUDED THE TESTIMONY OF APPELLANT LOWE'S EXPERT ON STANDARD OF CARE AND GRANTED SUMMARY JUDGMENT, NOT THE LEAST SEVERE SANCTION HAD THERE BEEN SANCTIONABLE CONDUCT BY APPELLANT.
{¶ 5} We find the common pleas court abused its discretion by excluding the testimony of plaintiff's expert witness. Therefore, we reverse and remand for further proceedings.
 PROCEDURAL HISTORY
{¶ 6} The complaint in this case was filed on May 1, 2000. It alleged that decedent Theodora Lowe was admitted to University Hospitals on March 10, 1997. She had an elevated level of potassium, and was given four doses of Kayexcelate, a potassium binder, to lower it. The last dose was administered at approximately 10:00 p.m. on March 11, 1997.
{¶ 7} At 6:59 a.m. the following day, Ms. Lowe was found to be unresponsive; emergency cardiopulmonary resuscitation was not successful. Plaintiff, the administrator of her estate, averred that the quantity of Kayexcelate administered to Ms. Lowe was excessive and proximately caused her death.
{¶ 8} Count I of the complaint alleged that defendant Drs. Steve Kaufman, Cory Stirling, Donald Hrick, Willem H. Boom and Florin Orza were all agents of University Hospitals who provided care to Ms. Lowe. The complaint claimed that each defendant acted negligently and deviated from acceptable standards of care, causing Ms. Lowe to suffer until the time of her death. Count II claimed the defendants' negligence proximately caused the wrongful death of Ms. Lowe and caused her heirs and next of kin to suffer the loss of her support, services, and society, as well as mental anguish, hospital and burial expenses, and other damages. Count III alleged the hospital was vicariously liable for the negligence of the doctors.
{¶ 9} Answers were filed by University Hospitals and Drs. Orza, Stirling, and Kaufman; no answer was ever filed by defendants Drs. Hrick and Boom.
{¶ 10} The court allowed plaintiff until October 10, 2000 to file his expert reports. On October 10, he filed the report of Dr. Stephen R. Payne, M.D. regarding the decedent's life expectancy. Six days later, on October 16, 2000, plaintiff sought leave to file the expert report of Frederick W. Fochtman, Ph.D., which concluded that the amount of the potassium binder administered to the decedent was excessive, and administration of that drug without monitoring the patient was not proper practice. The court granted plaintiff's motion for leave to file this report.
{¶ 11} All of the defendants moved for summary judgment on the ground plaintiff did not have the requisite expert testimony to establish negligence because Fochtman was not qualified to testify as to the standard of care. Plaintiff then asked for and was given leave to file another expert report from Dr. Payne, this one dated August 6, 1998, which opined that the administration of the dosage of Kayexcelate given to the decedent over a three-hour period without close monitoring of her potassium levels and her cardiac rhythm fell below the usual standard of medical care. Payne further opined that the decedent probably died as a result of a cardiac dysrhythmia induced by hypokalemia as a direct and proximate result of the administration of an excessive amount of Kayexcelate.
{¶ 12} While the motions for summary judgment were pending, plaintiff dismissed, without prejudice, his claims against Drs. Stirling, Orza and Kaufman, and the court denied as moot the motion for summary judgment filed on their behalf. Thereafter, the court denied the motions for summary judgment filed on behalf of the remaining defendants, University Hospitals and Drs. Boom and Hrick. Trial was scheduled for September 4, 2001.
{¶ 13} On August 14 and 21, 2001, the remaining defendants all moved to exclude the testimony of plaintiff's experts because the experts had not been made available for discovery depositions. On August 27, 2001, the court denied these motions, provided that pltf makes all pltf's expert witnesses available for discovery deposition prior to the trial deposition of any deft expert being taken.
{¶ 14} On August 28, 2001, the court conducted an oral hearing on the record. Based upon the court's oral statement, off the record, that Dr. Payne would not be allowed to testify because he was not made available for deposition before the trial deposition of defendant's expert, defendants orally moved the court to reconsider their motion for summary judgment. They argued that without Dr. Payne's testimony, plaintiff could not succeed on the merits.
{¶ 15} On September 6, 2001, the court entered the following half-sheet entry:
{¶ 16} `s oral mtn to reconsider mtn for summ. judg. is granted.
{¶ 17} Matter is dismissed w/ prejudice. Written opinion to follow.
{¶ 18} FINAL.
{¶ 19} On October 17, 2001, the court entered its written ruling. The court concluded that it was appropriate to sanction plaintiff by excluding the testimony of Dr. Payne. Because Dr. Payne was the only expert witness plaintiff had named who would testify as to the breach of a standard of care, plaintiff could not prove negligence. Therefore, summary judgment was granted for the defendants.
 LAW AND ANALYSIS
{¶ 20} Appellant's first two assignments of error address the propriety of the court's order compelling him to produce an expert witness for deposition, and sanctioning him for failing to do so.
We review these rulings for abuse of discretion. `The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.' Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision. State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198,201.
{¶ 21} Under the local rules of practice, each party has an obligation to provide a report to his or her opponent from each expert witness whom the party expects to call at trial.[1] Loc.R. 21.1, Part I(A), of the Cuyahoga County Court of Common Pleas, General Division. Local Rule 21.1 then permits a party to take a discovery deposition of an opponent's expert, after the mutual exchange of reports has occurred. Id. at Part I(F).
{¶ 22} A deposition of a non-party witness can be taken with the aid of a subpoena to compel the witness's attendance. Civ.R. 30 and 45. Failure to obey the subpoena may be deemed a contempt of the issuing court by the person subpoenaed. Civ.R. 45(E) and 37(B)(1). Here, appellees did not subpoena Dr. Payne for deposition, or seek an order finding him in contempt. Instead, they sought to sanction appellant for not providing Dr. Payne for deposition.
{¶ 23} A party generally may not be sanctioned for discovery violations unless he or she has failed to comply with a court order compelling him or her to provide the requested discovery. Civ.R. 37(B)(2). Appellees never filed a motion to compel appellants to provide Dr. Payne for deposition, with good reason: There is no rule requiring a party to produce an expert witness for deposition, nor is there any rule under which a party may be sanctioned for failing to produce a non-party witness for deposition. State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469-70, 692 N.E.2d 198, 201; Randle v. Gordon (Oct. 29, 1997), Cuyahoga App. No. 52961. Furthermore, it is arbitrary and unreasonable to require a party to provide a non-party witness for deposition because the party has no control over another person.
{¶ 24} Appellees' reliance on Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254; Paugh Farmer, Inc. v. Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44; Jones v. Murphy (1984),12 Ohio St.3d 84; and Perkins v. Ohio Department of Transportation (1989), 65 Ohio App.3d 487, is misplaced. In each of these cases, the party either failed to identify his or her expert witness or failed to provide an expert report in a timely manner. Here, the expert was identified and a report was provided well in advance of trial. Furthermore, in none of these cases did the exclusion of the expert's testimony completely undermine the party's case, as it did here. The exclusion of the expert testimony in this case effectively resulted in an adverse judgment as a matter of law, a very harsh result which should be reserved for the most egregious cases of discovery abuse. See Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48. Therefore, these cases are inapposite.
{¶ 25} While professional courtesy and a mutual desire to accommodate busy experts might make it reasonable for parties to schedule expert depositions by agreement, the only means to compel an expert deposition is by subpoena. Therefore, the common pleas court abused its discretion by ordering appellant to produce Dr. Payne for deposition, and by sanctioning him for failing to do so by excluding Dr. Payne's testimony from trial. It follows that the order granting summary judgment to the defendants must be vacated, because the basis for that order has been undermined.
Accordingly, we sustain each of appellant's assignments of error, reverse the common pleas court's judgment and remand for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PRESIDING JUDGE KENNETH A. ROCCO MICHAEL J. CORRIGAN, J. and DIANE KARPINSKI, J. CONCUR
[1] Notably, this local rule provides for the situation in which a party is unable to obtain a written report from his or her expert witness. Loc.R. 21.1, Part I(C), Cuyahoga County Court of Common Pleas, General Division. Thus, even this rule acknowledges that a party can not control his or her expert witnesses. See discussion infra.