JONES ET AL., APPELLANTS, *v.* MURPHY, APPELLEE.

[Cite as Jones *v.* Murphy (1984), 12 Ohio St. 3d 84.]

(No. 83-1411—Decided July 11, 1984.)

*Johnson & Johnson Co., L.P.A.,* and *Mr. Danny D. Johnson,* for appellants.

*Messrs. Hanhart, Miller, Kyler & Richards* and *Mr. James J. Pringle,* for appellee.

LOCHER, J. The issue presented in this appeal is whether the Ohio Rules of Civil Procedure permit the exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of Civ. R. 26(E)(1)(b). For the reasons that follow, we answer in the affirmative, and thus uphold the court of appeals' decision.

Appellants do not dispute the fact that they have violated Civ. R. 26(E)(1)(b)[1] by failing to supplement their response to the expert witness disclosure interrogatory. Appellants contend, however, that exclusion of the testimony of the non-disclosed experts is not permitted by the Rules of Civil Procedure or by case law. This contention is without merit.

Civ. R. 37(D) reads, in pertinent part, as follows:

"* * * If a party * * * fails * * * (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of interrogatories, * * * *the court in which the action is pending on motion* and notice may make such orders in regard to the failure as are just, and among others it *may take any action authorized under subsections* (a), *(b),* and (c) *of subsection (B)(2) of this rule.* * * *" (Emphasis added.)

Civ. R. 37(B)(2)(b) permits the following sanction:

"*An order* * * * *prohibiting him* [*i.e.,* the breaching party] *from introducing designated matters in evidence.*" (Emphasis added.)

It is readily apparent that the Rules of Civil Procedure permit the sanction of exclusion for failure to abide by Civ. R. 26(E).

Appellants cite *Cucciolillo* v. *East Ohio Gas Co.* (1980), 4 Ohio App. 3d 36, as support for their position. In that case, the Court of Appeals for Mahoning County held that the sanction of exclusion for a Civ. R. 26(E) viola-

---

[1] Civ. R. 26(E) provides in pertinent part: "Supplementation of responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to * * * (b) the identity of each person expected to be called as an expert witness at trial * * *."

tion was an "extreme" sanction, with the burden on the claiming party to show "bad faith" or "willful noncompliance" with the Rules of Civil Procedure before exclusion was granted.

In the case at bar, both lower courts expressly found an *intentional* noncompliance with Civ. R. 26(E). Further, reliance on *Cucciolillo* is misplaced as that opinion never considered the effect of Civ. R. 37. The precedential value of *Cucciolillo* is thus limited in scope.

One of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries. Appellants argue that a continuance should have been requested and granted once the expert witness' identity was discovered by appellee. An intentional violation of the rules should not be so easily disregarded, however.

We therefore conclude that Civ. R. 37 permits the exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of Civ. R. 26(E)(1)(b). Federal courts as well are in accord in permitting exclusion when presented with a violation of Fed. R. Civ. P. 26(e)(1)(B). See, *e.g., Scott & Fetzer Co.* v. *Dile* (C.A. 9, 1981), 643 F.2d 670; *Smith* v. *Ford Motor Co.* (C.A. 10, 1980), 626 F.2d 784, 794; *Shelak* v. *White Motor Co.* (C.A. 5, 1978), 581 F.2d 1155.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and HOLMES, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The grant of the motion in limine by the trial court suppressing the expert opinion testimony of Mrs. Jones' three treating physicians concerning permanency of injuries, future damages, and matters of medical expertise, was a gross abuse of discretion and reversible error for a number of reasons. Therefore, I dissent.

The suppression order was granted on January 31, 1983, ten days after defense counsel had agreed to the taking of the deposition of Dr. L. Joe Porter, one of plaintiffs' three expert medical witnesses. The deposition of Dr. Porter was taken on January 27, 1983, and used at the trial. On January 24, 1983, one week before the suppression order, plaintiffs by supplementation of answers to interrogatories named the three medical experts. These three experts were Mrs. Jones' treating physicians. Two of the three had been named as witnesses by answers to interrogatories in January 1980, and the third, by supplemental answers in May 1982. Thus, defendant knew two of these three treating physicians would be witnesses for plaintiffs long before the trial. Since these physicians were treating physicians, defendant had every reason to expect that plaintiffs would seek to elicit testimony from

them, not only as to diagnosis and physical findings, but also expert opinion testimony as to permanency of injuries and other matters of medical expertise.

With the deposition taken of Dr. Porter on January 27, 1983, and with medical reports from the other doctors before the date of trial on February 1, 1983, along with the deposition taken by defendant of its own medical expert on January 18, 1983, defendant was well prepared to contest the expert medical opinion evidence. The medical expert opinion testimony which plaintiffs sought to elicit from the three treating physicians was the common garden variety of opinion testimony available in any run-of-the-mill personal injury action involving claimed permanency of injuries. It was such an obvious medical issue in this case that defense counsel could not contend surprise or inability to be prepared for trial by not having the experts named earlier, unless such legal counsel would also contend he himself was unable to see, hear and think. Defendant's position defies reality.

The purpose of the discovery rules, such as Civ. R. 26(E)(1)(b) and 37(B)(2) and (D)(2), contended as applicable here, is to prevent surprise to either party at the trial or to avoid hampering either party in preparing its claim or defense for trial. See *Scott & Fetzer Co.* v. *Dile* (C.A. 9, 1981), 643 F.2d 670; *Smith* v. *Ford Motor Co.* (C.A. 10, 1980), 626 F.2d 784; *Shelak* v. *White Motor Co.* (C.A. 5, 1978), 581 F.2d 1155. With the factual scenario in this case, the actions of plaintiffs' counsel belatedly revealing the identity of expert witnesses created no surprise and could not adversely affect defense counsel's ability to prepare for trial. Since the purpose of the sanctions provided in Civ. R. 37 did not apply in this case, the rule should not apply. Civ. R. 37 sanctions applied here violate the purpose of the Civil Rules as expressed in Civ. R. 1(B) as follows:

"Construction. These rules shall be construed and applied to effect *just results* by eliminating delay, unnecessary expense and all other *impediments to the expeditious administration of justice.*" (Emphasis added.)

In addition, the duty of the plaintiffs to supplement their answers to interrogatories, with respect to identity of expert witnesses under Civ. R. 26(E)(1)(b), is not self-executing. It does not and should not include a provision excluding expert testimony from such witnesses not identified as prescribed by Civ. R. 26. *State Auto. Mut. Ins. Co.* v. *Chrysler Corp.* (1973), 36 Ohio St. 2d 151 [65 O.O.2d 374].

Before the trial court could impose the extreme sanction of excluding expert testimony produced by plaintiffs under the guise of Civ. R. 37(D)(2) and (B)(2)(b), as set forth verbatim in the majority opinion, it first had to make an order compelling plaintiffs to provide discovery pursuant to Civ. R. 37(A), which in pertinent part provides:

"Motion for order compelling discovery. Upon reasonable notice * * *, a party may move for an order compelling discovery as follows:

"* * *

"(2) Motion. If a * * * party fails to answer an interrogatory submitted

under Rule 33 * * *, the discovering party may move for an order compelling an answer * * *."

No such motion was filed nor order made by the trial court in this case pursuant to Civ. R. 37(A). Utilization of paragraph (A) of Civ. R. 37 and its exhaustion were necessary predicates before defendant and the trial court could resort to paragraphs (B) and (D) of Civ. R. 37 to impose the extreme sanction of exclusion of medical expert testimony. This interpretation of Civ. R. 37 is required in order to make the imposition of the sanctions comply with plaintiffs' right to due process of law under the state and federal Constitutions. Exclusion of expert testimony for noncompliance with Civ. R. 26(E)(1)(b), without any prior order of the trial court compelling disclosure of the expert witnesses, thereby denying the plaintiffs the opportunity to an effective and full hearing on the merits of their cause, is a denial of such due process of law under the state and federal Constitutions. *Societe Internationale* v. *Rogers* (1958), 357 U.S. 197, 209.

J. P. Celebrezze, J., concurs in the foregoing dissenting opinion.