JOURNAL ENTRY and OPINION
The issue in this appeal is whether a defendant-physician who, at the eleventh hour chooses to act as his own expert in a medical malpractice action and having been previously deposed by the plaintiff as a fact witness, is required by Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County to submit an expert report identifying his opinion that he did not breach the relevant standard of care. The court held that under the circumstances just described, an expert report must be filed under Loc.R. 21.1 and therefore barred defendant Peter Brooks, M.D., from expressing any opinion relative to his treatment of plaintiff Carolyn Vaught.
Defendant is an employee of co-defendant The Cleveland Clinic (we will refer to Dr. Brooks as "defendant" unless otherwise noted) and performed two surgeries on plaintiff: the first was a knee replacement by way of a tibial tray; the second was a "revision" surgery which replaced the tibial tray inserted during the first surgery. Defendant also retracted tissue covering the knee in an attempt to give plaintiff more freedom of movement. After plaintiff continued to experience pain in her knee, defendant recommended a third surgery. Plaintiff sought out another opinion and in the course of that consultation learned that defendant had improperly sized both the original and the replacement tibial tray. Following her third surgery, plaintiff experienced significant pain relief.
Plaintiff filed suit against defendant and in interrogatories asked defendant to identify all experts that he would be using at trial. The court established a schedule for filing expert reports, and plaintiff filed her expert report in a timely fashion. On the day his report was due, defendant asked the court for an extension of time because "reviewing physicians have not been able to complete their review in time to meet the current deadline." The court extended the deadline by eighteen days. Defendant did not submit an expert report. One week before trial, defendant filed a trial brief in which he listed himself as "treating physician and expert witness."
Plaintiff filed a motion in limine asking the court to exclude defendant from testifying as an expert because he did not submit an expert report as required by Loc.R. 21.1. The court granted the motion in limine and precludeded defendant from rendering any opinion testimony at trial. Plaintiff's experts testified that defendant had twice used the wrong size tibial tray, and that his attempt to cut the tissue was an ill-advised, never-before-tried procedure that would leave plaintiff in permanent pain. Defendant proffered that he adhered to the applicable standard of care. Defendant was the sole witness for the defense. At the close of testimony the jury returned a verdict in plaintiff's favor.
"One of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries." Jones v. Murphy (1984), 12 Ohio St.3d 84, 86.
Loc.R. 21.1 effectuates the purpose of eliminating surprise by regulating in a comprehensive manner discovery relating to expert witnesses. "The purpose of the rule is to eliminate surprise, with the existence and effect of prejudice resulting from noncompliance being the primary concern." Nwabara v. Willacy (1999), 135 Ohio App.3d 120, 133, citing David v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A. (1992),79 Ohio App.3d 786, 795.
Defendant goes to considerable effort to show that we must review his arguments under a de novo standard of review. This is correct to a point. Court rules are subject to the same principles of construction as are statutes. See R.C. 1.41 (stating that the Revised Code sections dealing with statutory construction "apply to all statutes * * * and to rules adopted under them."). Loc.R. 21.1 is subject to interpretation as a matter of law by the court just like any other statute, and subject to a de novo standard of review by an appellate court. See Roth v. Schildhouse (May 11, 2000), Cuyahoga App. No. 75617, unreported.
The court's application of Loc.R. 21.1 is a different matter. The Ohio Supreme Court and this court have consistently held that the court has discretion to determine whether there has been a violation of Loc.R. 21.1 and how to remedy that violation. See Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 257-258; Pang v. Minch (1990),53 Ohio St.3d 186, paragraph one of the syllabus; Walworth v. BP Oil Co. (1996), 112 Ohio App.3d 340, 352.
The portions of Loc.R. 21.1 at issue here are sections (B) and (C), which state:
 (B) A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * * The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report.
 (C) All experts must submit reports. If a party is unable to obtain a written report from an expert, counsel for the party must demonstrate that a good faith effort was made to obtain the report and must advise the court and opposing counsel of the name and address of the expert, the subject of the expert's expertise together with his qualifications and a detailed summary of his testimony. In the event the expert witness is a treating physician, the Court shall have the discretion to determine whether the hospital and/or office records of that physician's treatment which have been produced satisfy the requirements of a written report. The Court shall have the power to exclude testimony of the expert if good cause is not demonstrated * * *.
Defendant claims the court erred in interpreting these provisions to mean that a party who seeks to testify as an expert witness is required to submit an expert report. He maintains that a commonsense reading of Loc.R. 21.1 and other applicable rules of civil procedure shows that the notice provisions for expert testimony pertain only to retained experts, not those who are parties to an action and will testify as experts. For example, he points out that Civ.R. 26(B)(4)(a) permits a party to discover facts known or opinions held "by an expert retained or specially employed by another party in anticipation of litigation or preparation for trial * * *" and that Civ.R. 26(B)(4)(c) states that any party seeking discovery under the rule must "pay the expert a reasonable fee for time spent." Defendant suggests that as a party, it would be absurd to think that he would be entitled to compensation when deposed as an expert.
Defendant's argument misses the mark. Civ.R. 26(B)(4) immunizes from discovery experts retained for the specific purpose of trial preparation unless the party seeking discovery can show exceptional circumstances under which it is impracticable to obtain facts or opinions on the same subject matter by different means. Defendant did not specifically "retain" himself for the purpose of trial preparation, so the absurdity of applying Civ.R. 26(B)(4)(a) simply does not exist.
But even if we were to find some anomalous interaction between some of the discovery rules, we are guided by the principle of statutory construction that we should avoid interpreting statutes and rules so as to avoid absurd results. State ex rel. Dispatch Printing Co. v. Wells (1985), 18 Ohio St.3d 382, 384. The goal of preventing surprise at trial means that opposing counsel must have access to expert witness reports and opinions so that opposing counsel may make adequate trial preparations.
Defendant was not identified as an expert during discovery, nor did he, when deposed, give any opinions on whether his care adhered to applicable standards. At the time he was deposed, he could only testify as a fact witness. This meant he was generally limited to testifying only to facts and leaving to the jury the job to make the "necessary and natural deductions" from those facts. See Staff Note to Evid.R. 701. Once he had been listed as expert, his ability to testify changed greatly for he could give opinions based on the ultimate issue at trial. See Evid.R. 704. Even though defendant was a party by virtue of being the treating physician, his status as the treating physician did not suggest to plaintiff that he would be an expert witness. Plaintiff took defendant's deposition as a fact witness, not as an expert. At no point in defendant's deposition did plaintiff engage in questioning typical of experts for example, whether the defendant understood the applicable standard of care and whether that standard of care had been breached.
Nakoff v. Fairview Gen. Hosp. is instructive. In Nakoff, a doctor had been a party-defendant to the action and deposed as a fact witness, was later dismissed from the case. The remaining defendants then used that doctor as an expert witness. Despite Nakoff's repeated requests to depose the doctor as an expert, the defendants did not make the doctor available for deposition, nor did the defendants submit the doctor's expert report as required by Loc.R. 21.1. The Ohio Supreme Court noted the distinction between a fact witness and an expert witness, and intimated that Nakoff had the right to depose the doctor again, this time as an expert. Nakoff, 75 Ohio St.3d at 257-258.
Luke v. Cleveland Clinic Foundation (Mar. 28, 1996), Cuyahoga App. No. 69049, unreported, is not on point. Luke brought a negligence action against several defendants, including a doctor named Tucker. Tucker was deposed as a fact witness. Three days before trial, Luke dismissed Tucker from the action. The hospital then gave notice to Luke that it intended to call Tucker as an expert witness. Luke's asked the court to exclude Tucker as an expert on grounds that he had not submitted a written report as required by Loc.R. 21.1. The court denied the request and we affirmed, finding that Tucker's very late dismissal prevented him from complying with Loc.R. 21.1. We considered this as contributing to Tucker's inability to comply with Loc.R. 21.1. This conclusion was compelled by Tucker's involvement in the case, which would have suggested to all observers in Luke that he might be called upon to testify on behalf of the remaining defendants. It was not obvious that defendant would testify as an expert, particularly since he had suggested that he had outside experts reviewing his case.
We hold that a party who also seeks to testify as an expert witness must be identified as an expert witness prior to trial and comply with all relevant provisions of Loc.R. 21.1.
This leads to the second question, whether the court abused its discretion by refusing to permit defendant to testify as an expert witness as a sanction for failing to identify himself as an expert prior to trial.
The trial court has broad discretion to determine whether there is a violation of Loc.R. 21.1 and to fashion an appropriate remedy. Nakoff,75 Ohio St.3d 254, at syllabus. When deciding whether to impose sanctions for discovery violations, the trial court should consider: (1) the conduct of the party offering the expert testimony; (2) the prejudice suffered by the opposing party if the evidence is admitted; and (3) the prejudice suffered by the party offering the expert testimony if the testimony is excluded. See Savage v. Correlated Health Services (1992),64 Ohio St.3d 42; Sommer v. Davidson (Dec. 16, 1999), Cuyahoga App. No. 74937, unreported.
The court could rationally look at the facts and decide that defendant's conduct warranted excluding any expert opinion from defendant. Defendant's conduct was somewhat suspect in that throughout the entirety of the pretrial proceedings, defendant represented that he had been trying to procure an expert witness. He told the court that he needed an extension of time to submit an expert report because "reviewing physicians have not been able to complete their review in time to meet the current deadline." This would lead a reasonable party to believe that experts were being sought and that a report would follow.
Defendant never did expressly notify plaintiff of his intention to serve as an expert witness — he only did so by means of his pretrial statement. In doing so, he ignored plaintiff's first set of interrogatories. Question No. 16 of those interrogatories asked defendant to "identify any and all expert witnesses you intend to call at the Trial of the matter including the specialty area and anticipated area or subject matter of the testimony." Defendant had the duty seasonably to supplement his response to the question of his experts. See Civ.R. 26(E)(1)(b); Shumaker v. Oliver B. Cannon Sons, Inc. (1986),28 Ohio St.3d 367, 370.
Defendant claims plaintiff suffered no prejudice from his late notice that he would serve as his own expert because she had previously taken his deposition as a fact witness and knew that he would deny a breach of care.
Of course one might expect it to be inevitable that at trial defendant would say he knew the applicable standard of care and that he did not violate that standard of care when treating plaintiff. But that inevitability might still contain certain nuances, the nature of which plaintiff was fully entitled to explore prior to trial. A litigant is not only entitled to know an opposing expert's opinion on a matter, but the basis for that opinion as well. Defendant's late decision to call himself as an expert witness deprived plaintiff of the opportunity to delve into the basis for any of defendant's opinions relating to his treatment. The knee replacement surgery was a highly technical medical procedure, and the second procedure involved a resection of tissue that plaintiff's experts said had never before been tried. Plaintiff's experts were highly critical of defendant's resection of tissue, and plaintiff was entitled to learn the basis for defendant's decision, as well as test his thought processes through the use of hypothetical questions. We cannot say that plaintiff suffered no prejudice from her inability to depose defendant as a fact witness.
Finally, defendant has not been able to show what prejudice he suffered by being foreclosed from testifying as an expert. Had defendant testified, a jury might have found his opinion on whether he complied with the requisite standard of care self-serving. Plaintiff had two medical witnesses testify that they had never heard of any surgeon performing the kind of procedure defendant performed during the second operation. Defendant conceded that his procedure was novel, so his opinion testimony would not likely have been very persuasive. We find defendant has not shown sufficient prejudice to overcome his failure to identify himself as an expert at trial. The court did not abuse its discretion by prohibiting defendant from testifying as an expert witness.
Our finding that defendant had the duty seasonably to identify himself as an expert witness and that the court did not abuse its discretion by forbidding defendant from testifying as an expert necessarily means that defendant's argument that the court erred by failing to grant a new trial must be rejected on grounds that no error occurred below.
We also reject defendant's argument that the application of Loc.R. 21.1 violates his right to a jury trial. The application of Loc.R. 21.1 has been too well-established to admit any serious argument that sanctions imposed under the rule would be unconstitutional.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS. ANN DYKE, J., CONCURS IN JUDGMENT ONLY.