VAUGHT, APPELLEE, *v.* CLEVELAND CLINIC FOUNDATION ET AL., APPELLANTS.

[Cite as *Vaught v. Cleveland Clinic Found.*,
98 Ohio St.3d 485, 2003-Ohio-2181.]

(No. 2001–1970—Submitted January 8, 2003—Decided May 7, 2003.)

ALICE ROBIE RESNICK, J.

{¶ 1} In 1997, plaintiff-appellee Carolyn A. Vaught sought treatment at the Cleveland Clinic for chronic right-knee pain. Defendant-appellant Dr. Peter J. Brooks, an employee of defendant-appellant the Cleveland Clinic, was her assigned physician. After an initial examination and consultation, Dr. Brooks recommended total knee-replacement surgery to alleviate appellee's pain and to improve function and mobility. On December 10, 1997, Dr. Brooks performed the surgery, which required that he implant a tibial base plate.

{¶ 2} After the surgery, appellee continued to experience pain in her right knee. She informed Dr. Brooks of the pain during postoperative appointments. According to him, appellee's X-rays revealed that the pain was being caused by an overhang of the tibial base plate rubbing against appellee's iliotibial band (tendons that run along the outside of the leg). Dr. Brooks concluded that this overhang was the source of appellee's pain; thus, he recommended a second surgery in which he planned to cut a "window" in appellee's tendons to eliminate the rubbing and pain.

{¶ 3} The second surgery was performed on April 15, 1998; the pain, however, continued and even increased in appellee's right knee and in the area of the window surgery. Dr. Brooks recommended a third surgery to replace the tibial base plate with a smaller one, but appellee decided to obtain a second opinion.

{¶ 4} Appellee's new physician agreed that a correctly sized plate would remedy her pain. On September 16, 1998, her new physician replaced the first plate. During the surgery, the physician saw the overhang and noted that the

first plate had been positioned incorrectly. After the surgery, appellee experienced pain relief in all areas of her right knee except where Dr. Brooks had performed the window surgery.

{¶ 5} Appellee filed suit against appellants, alleging medical malpractice. In appellee's interrogatories, appellants were asked to "[i]dentify any and all expert witnesses you intend to call at the Trial of this matter including the specialty area and anticipated area or subject matter of the testimony." Dr. Brooks responded, "Currently under consideration. This Answer will be amended as required by the Ohio Rules of Civil Procedure, Local Rules of Court or Court Order." Dr. Brooks never supplemented his response.

{¶ 6} The court established a deadline for the parties to file expert reports, with which appellee complied. The Cleveland Clinic, however, asked for an extension, which the court granted. Neither appellant ever submitted an expert report. One week before trial, appellants filed a brief in which Dr. Brooks was listed as the treating physician and expert witness. Appellee filed a motion in limine to preclude Dr. Brooks from testifying as an expert witness because he had not complied with Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County, General Division. The court granted the motion. At the close of testimony, the jury returned a verdict in favor of appellee.

{¶ 7} On appeal, appellants argued that the trial court abused its discretion in not allowing Dr. Brooks to testify as an expert witness. The court of appeals disagreed and affirmed the decision of the trial court, reasoning:

{¶ 8} "[A] party who also seeks to testify as an expert witness must be identified as an expert witness prior to trial and comply with all relevant provisions of Loc.R. 21.1.

{¶ 9} "* * *

{¶ 10} "Our finding that [Dr. Brooks] had the duty seasonably to identify himself as an expert witness and that the court did not abuse its discretion by forbidding [Dr. Brooks] from testifying as an expert necessarily means that [Dr. Brooks's] argument that the court erred by failing to grant a new trial must be rejected on the grounds that no error occurred below."

{¶ 11} The cause is now before this court on the allowance of a discretionary appeal.

{¶ 12} The sole issue for determination by this court is whether the trial court abused its discretion in not allowing Dr. Brooks to testify as an expert witness in his own behalf, after he failed to file a written report and failed to supplement answers to interrogatories asking that expert witnesses be identified. Finding that there was no abuse of discretion, we affirm the judgment of the court of appeals.

{¶ 13} In *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 662 N.E.2d 1, syllabus, this court held: "A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion." As such, in order to have an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Id. at 254, 256, 662 N.E.2d 1, citing *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 473 N.E.2d 264. Accordingly, we must look at the language of the local rule that was in place at the time this suit was commenced to determine whether the trial court abused its discretion.

{¶ 14} Former Loc.R. 21.1 stated:

{¶ 15} "(B) A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * *

{¶ 16} "* * *

{¶ 17} "(C) All experts must submit reports. If a party is unable to obtain a written report from an expert, counsel for the party must demonstrate that a good faith effort was made to obtain the report * * *. In the event the expert witness is a treating physician, *the Court shall have the discretion* to determine whether the hospital and/or office records of that physician's treatment which have been produced satisfy the requirements of a written report. The Court shall have the power to exclude testimony of the expert if good cause is not demonstrated." (Emphasis added.)

{¶ 18} Furthermore, Civ.R. 26(E) provides:

{¶ 19} "Supplementation of responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

{¶ 20} "(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to * * * (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify."

{¶ 21} Thus, the rules make clear that a party must make a good-faith effort to submit a written expert report once a court has established a deadline for filing expert witness reports. Even when the treating physician is the expert witness, former Loc.R. 21.1 clearly stated that a trial court has the option of accepting hospital or office records in lieu of an expert report, should that court

determine that to do so would adequately provide the requesting party with the information that it needs.

{¶ 22} In the instant case, by requesting an extension, appellants led appellee and the trial court to believe that they would be filing an expert report. Once the extended deadline arrived, however, appellants did not submit a report. Instead, they notified the court and appellee in a brief, submitted one week before trial, that Dr. Brooks would be testifying as an expert witness. Moreover, during the entire discovery phase of the proceedings, appellants did not identify Dr. Brooks as the expert witness; thus, when deposing Dr. Brooks, appellee did not ask questions typically asked of expert witnesses. Appellants' actions clearly did not comport with Loc.R. 21.1 or Civ.R. 26(E).

{¶ 23} In *Jones v. Murphy* (1984), 12 Ohio St.3d 84, 85, 12 OBR 73, 465 N.E.2d 444, this court considered a similar issue when it was asked to decide "whether the Ohio Rules of Civil Procedure permit the exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of Civ.R. 26(E)(1)(b)."

{¶ 24} Specifically, in *Jones,* the plaintiffs filed suit against the defendant for damages arising from an automobile accident allegedly caused by the defendant's negligence. In interrogatories, the defendant requested the name of any experts who would be testifying in the plaintiffs' behalf; they responded, "Undetermined at present." Id. at 84, 12 OBR 73, 465 N.E.2d 444. The plaintiffs did not comply with the scheduling order for discovery, nor did they respond to the defendant's other requests for the identification of the expert witness. Finally, 12 days before trial, the defendant learned by telephone that the plaintiffs intended to call one of their treating physicians as an expert witness. The defendant filed a motion in limine to exclude the physician's expert testimony, which the court granted, thereby permitting the physician to testify as a fact witness only.

{¶ 25} The appellate court affirmed the judgment of the lower court, and this court affirmed that judgment, reasoning, "One of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries. [Plaintiffs-appellants] argue that a continuance should have been requested and granted once the expert witness' identity was discovered by [defendant-appellee]. An intentional violation of the rules should not be so easily disregarded, however." Id. at 86, 12 OBR 73, 465 N.E.2d 444.

{¶ 26} Applying the reasoning of *Jones* to the case at bar, appellee made a seasonable request in her interrogatories for appellants to identify anyone who would be testifying as an expert witness. Appellants failed to name Dr. Brooks in their response. Moreover, appellants not only missed the original deadline to

identify all experts and file expert reports, but they also did not comply with the extended deadline granted by the trial court.

{¶ 27} Appellants' actions demonstrated a disregard for the orders of the trial court and for the rules and structure of our adversarial process. Dr. Brooks's belief that he should testify as an expert witness was premised only on his participation as a party to the action as appellee's original treating physician. To allow such would permit a party who acts as his or her own expert to utilize a different set of rules than those which are in place, leading to an unfair advantage for one party at the expense of the opponent. In this case, the trial court had a responsibility to ensure that there was no unfair prejudice or surprise to appellee; granting the motion in limine ensured such a result.

{¶ 28} Therefore, we hold that the trial court did not abuse its discretion in not allowing Dr. Brooks to testify as an expert witness in his own behalf, after he failed to file a written report and failed to supplement answers to interrogatories asking that expert witnesses be identified. Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, BROGAN and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., dissents.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for COOK, J.

---

LUNDBERG STRATTON, J., dissenting.

{¶ 29} The majority holds that the trial court did not abuse its discretion in preventing Dr. Brooks from testifying as an expert in his own defense pursuant to former Loc.R. 21.1 and the Civil Rules. I disagree. I believe that former Loc.R. 21.1 was unconstitutional as applied to the facts of this case. I also believe that the sanction of excluding Dr. Brooks's expert testimony for failing to timely comply with discovery was an abuse of discretion.

## A. Loc.R. 21.1

{¶ 30} Former Loc.R. 21.1 required *all* expert witnesses to provide a written report to the opposing party and permitted the court to exclude an expert's testimony if the expert failed to provide a report. Consistent with the purpose of the Civil Rules, the written-report requirement in Loc.R. 21.1 was to prevent surprise. However, I believe that preventing a party from providing expert testimony in his or her own defense solely because that party failed to provide the opposing party with a written report in effect deprives that party of his or her due process right to testify in his or her own behalf.

{¶ 31} In a medical malpractice case, expert testimony is required to establish the standard of care and to establish whether the defendant satisfied that standard. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673. Therefore, exclusion of expert testimony in a medical malpractice case precludes a defendant from presenting an effective defense.

{¶ 32} However, when a party hires an expert to testify in his or her favor, that expert is unknown to the opposing party, and thus Civ.R. 26(B)(4) dictates that such experts are subject to discovery to prevent surprise. But a party who provides his or her own expert testimony is, from the outset of the lawsuit, subject to the normal discovery mechanisms, e.g., interrogatories, depositions, etc. In my experience as a trial lawyer and trial judge, a party who provided expert testimony in his or her own defense was never required to submit a written report. Therefore, when a defendant is prevented from offering expert testimony in his or her own defense in a medical malpractice case, pursuant to Loc.R. 21.1, solely because the defendant failed to provide the opposing party with a written report, the defendant is, in effect, deprived of his or her due process right to testify in his or her own behalf. In fact, after the appellate decision in this case, the common pleas judges who drafted Loc.R. 21.1 amended it to make it explicit that it applies only to nonparty witnesses, clearly signaling that the rule was never intended to apply to a party who intends to testify as an expert in his or her own defense.

{¶ 33} Accordingly, I believe that the trial court's exclusion of Dr. Brooks's expert testimony for failing to provide opposing counsel with a written report pursuant to former Loc.R. 21.1 was unconstitutional because it deprived him of his due process right to testify in his own behalf.

### B. Exclusion of Dr. Brooks's Testimony Was an Abuse of Discretion

{¶ 34} The appellate court and the majority opinion point to Dr. Brooks's failure to timely comply with discovery requests, specifically his failure to name himself in response to appellee's interrogatory asking for the names of his expert witnesses, as further justification for the exclusion. I disagree.

{¶ 35} A "trial court does not have unbridled discretion" to admit or exclude evidence. *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 370, 28 OBR 429, 504 N.E.2d 44, citing *Schaffter v. Ward* (1985), 17 Ohio St.3d 79, 80, 17 OBR 203, 477 N.E.2d 1116, and *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008. It is an abuse of discretion if the court's ruling is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 36} Exclusion of evidence is only one remedy for surprise. Other remedies include continuing the case so that the party claiming surprise can depose

the undisclosed witness, while another is to allow the party claiming surprise to renew its motion if and when the party is surprised by the witness's testimony. *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 34, 7 OBR 34, 454 N.E.2d 177.

{¶ 37} Admittedly, Dr. Brooks's notification to appellee regarding his intention to testify as an expert was not timely pursuant to the trial court's scheduling order, and I do not condone such delay. However, Dr. Brooks did notify appellee of his intention to testify as an expert one week before trial, which is sufficient notice to preclude the harsh sanction of excluding his expert testimony, particularly in light of the fact that appellee had already conducted extensive discovery of Dr. Brooks. See id.

{¶ 38} Typically when a court excludes an expert witness from testifying due to surprise, the party claiming surprise has not even known the name, let alone had a chance to depose the witness. This case is distinguishable in that regard. Dr. Brooks is the defendant in this case.

{¶ 39} Although Dr. Brooks was not expressly asked at deposition whether he comported with the standard of care in performing appellee's knee-replacement surgery, he was thoroughly cross-examined about the placement and fit of the tibial plate, the complication caused by the tibial plate's overhang, the iliotibial band resection, and the window procedure. Dr. Brooks testified that due to the construction of the tibial plate, it seldom fits exactly, and thus there is usually overhang but it usually does not cause discomfort or problems. It was certainly no surprise to appellee that Dr. Brooks believed that he met the standard of care in performing the knee-replacement surgery at issue herein, or more precisely that he believed that an overhang of the tibial plate is normal and that it usually does not cause problems. Therefore, any argument that appellee would have been surprised by the content of Dr. Brooks's expert testimony is not credible.

{¶ 40} Accordingly, under the circumstances of this case, I believe that the trial court's exclusion of Dr. Brooks's expert testimony was unreasonable and unconscionable and therefore an abuse of discretion.

## C. Conclusion

{¶ 41} There is a strong predisposition in the law that whenever possible, cases should be tried on their merits. *Natl. Mut. Ins. v. Papenhagen* (1987), 30 Ohio St.3d 14, 15, 30 OBR 21, 505 N.E.2d 980. Preventing Dr. Brooks from testifying as an expert in his own defense effectively prevented this case from being decided on its merits and violated Dr. Brooks's due process rights. Therefore, I respectfully dissent.

Timothy R. Pieper, for appellee.

Squire, Sanders & Dempsey, L.L.P, and Robin G. Weaver; Roetzel & Andress, R. Mark Jones and Douglas G. Leak, for appellants.

Zavarello & Davis Co., L.P.A., and Rhonda Gail Davis, urging affirmance for amicus curiae Ohio Academy of Trial Lawyers.