JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Theresa A. Poppy ("Poppy") appeals the decision of the trial court and assigns four assignments of error involving a real estate transaction. We affirm the decision of the trial court.
 {¶ 2} Poppy decided to sell her residence located in Willoughby Hills and listed the property with Smythe Cramer Realty Company with an asking price of $489,000. On October 4, 2001, Appellee Victoria S. Whitmore ("Whitmore") entered into a contract to purchase the property for the sum of $455,000, contingent on Whitmore's securing financing. The agreement indicated Whitmore would secure $365,000 in financing and put the remaining 20 percent, or $90,000, as a cash down payment. Whitmore claimed she did not have the funds for a substantial cash down payment and was attempting to secure financing through a broker that she regularly used in real estate transactions. Poppy claimed Whitmore purportedly made her living from real estate investments and owned a reported eighteen properties valued at $1,400,000.
 {¶ 3} Whitmore's broker, Robert E. Danley of Security First Mortgage, was unable to secure a loan for Whitmore for the $455,000 price. On December 5, 2001, Whitmore notified Poppy that she could not secure financing. Thereafter, the date for the required money to be placed in escrow, December 28, 2001, passed without the parties completing the transaction.
 {¶ 4} Initially, Poppy filed suit against both Whitmore and Smythe Cramer but later dismissed that action and refiled the case solely against Whitmore for breach of contract.
 {¶ 5} The trial court granted Whitmore's motion to dismiss Poppy's request for specific performance of the contract on the grounds that Poppy had an adequate remedy at law to pursue. At trial, the court sustained Whitmore's motion in limine regarding Poppy's use of expert testimony and an expert report on damages because it was not timely exchanged and disclosed prior to trial. At the conclusion of Poppy's case, the trial court granted a directed verdict on the issue of damages and awarded only $10 in nominal damages to Poppy. Further, the trial court refused to allow Poppy to offer certain Lake County real estate records, specifically a conveyance fee form and a property deed involving the sale of a purported comparable residence, into evidence.
 {¶ 6} It is from these decisions of the trial court that Poppy appeals raising four assignments of error. Poppy's first assignment of error reads as follows:
 {¶ 7} "The court erred by dismissing appellant seller's demand for specific performance of the real estate contract between appellant and appellee."
 {¶ 8} Specific performance as a remedy for breach of contract is a matter resting in the sound discretion of the court, not arbitrary, but controlled by principles of equity, on full consideration of the circumstances of each particular case. Rothv. Habansky, Cuyahoga App. No. 82027, 2003-Ohio-5378. The standard of review in such a case is whether the trial court, sitting as a court of equity, abused its discretion. Id., citingManning v. Hamamey (Feb. 12, 1998), Cuyahoga App. No. 72072.
 {¶ 9} "The remedy of specific performance is governed by the same general rules which control the administration of all other equitable remedies. The right to it depends upon elements, conditions, and incidents which equity regards as essential to the administration of all its peculiar modes of relief. When all these elements, conditions, and incidents exist, the remedial right is perfected in equity. These elements, conditions, and incidents, as collected from the cases, are the following: The contract must be concluded, certain, unambiguous, mutual, and based upon a valuable consideration; it must be perfectly fair in all its parts; it must be free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; it cannot be an unconscionable or hard bargain; its performance must not be oppressive upon the defendant; and, finally, it must be capable of specific execution through a decree of the court." Id.
 {¶ 10} Poppy claims that specific performance should be an available remedy regardless of the existence of another adequate remedy at law. Further, Poppy asserts the remedy of specific performance in real estate transactions is not limited by requirements that the subject property be deemed unique or unusual. Although Poppy claims that specific performance is equally available to both a seller and a buyer, the right to the remedy is clearly not automatic or absolute. "It is well established when a breach of a real estate contract occurs `the proper measure of damages for a buyer's breach of a contract for the sale of real property is the difference between the original contract price and the fair market value of the property at the time of the breach.' Further, it is held that the party seeking to recover damages must not only present evidence of the resale price, but must also present sufficient evidence that the resale price was the true indicator of the fair market value at the time of the breach." Id. (Internal citations omitted.)
 {¶ 11} While there was an adequate remedy at law available to Poppy, no effort was made to establish the true level of damages by establishing the fair market value of the property at the time of the breach. Sneed v. King (July 7, 1994), Cuyahoga App. No. 66179. No credible evidence was offered to calculate an actual sale price against the contract price. Upon notice of the breach, Poppy did not relist the property or make any effort to resell the property to establish actual damages. Contrary to Poppy's claims, whether specific performance would be available does depend on establishing damages in the case so that a determination can be made on whether the equitable remedy is the proper way to make the nonbreaching party whole. Here, without making any effort to establish damages by either reselling the property or establishing fair market value, there is no way to establish that specific performance is the only adequate remedy available to cure the breach.
 {¶ 12} Further, Poppy had a duty to mitigate her damages once Whitmore breached the contract. The evidence was clear that Poppy did nothing. The Supreme Court of Ohio in Frenchtown SquareP'ship v. Lemstone, Inc., 99 Ohio St.3d 254, 2003-Ohio-3648, held that "* * * under the common law of contracts, mitigation is a fundamental tenet of a damage calculus. Contracts are the mutual exchange of promises, with each party holding an expectation of certain obligations and benefits. Thus, contract law acknowledges that mitigation, otherwise known as the doctrine of avoidable consequences, may justly place an injured party `in as good a position had the contract not been breached at the least cost to the defaulting party.' F. Ent., Inc. v. KentuckyFried Chicken Corp. (1976), 47 Ohio St.2d 154, 159-160."
 {¶ 13} Even if we were to accept Poppy's assertions regarding the legal standard for specific performance, we cannot apply that remedy under the facts as they occurred in this case. We have no credible evidence establishing the fair market value at the time of the breach to determine what is equitable. Poppy attempted to offer evidence, excluded by the trial court, of a similarly situated property as evidence of value. Assuming for the sake of argument that this evidence should have been admitted, the evidence establishes that the original transaction was not equitable. The purported similarly situated property offered by Poppy had a market value of $405,000, which is $50,000 less than the contract for the subject property. This points out the inequity of imposing specific performance as a remedy. Even if we accept Poppy's view that the award of specific performance does not require a property to be unique, it does require the transaction to be equitable.
 {¶ 14} Poppy's first assignment of error is overruled.
 {¶ 15} Poppy's second assignment of error reads as follows:
 {¶ 16} "The court erred by granting appellee's motion in limine regarding appellant's damage expert witness report and refusing to allow the testimony of appellant's damage expert witness."
 {¶ 17} Poppy argues that the trial court did not personally conduct the final pretrial conference as required by Loc.R. 21 III (A) of the Cuyahoga County Court of Common Pleas and that the trial court did not have a pretrial order relating to the exchange of expert reports and that, consequently, the court abused its discretion when it granted Whitmore's motion in limine. Further, Poppy asserts no prejudice was shown by Whitmore because Whitmore did not make an effort to depose Poppy's expert or make a motion to continue the trial date.
 {¶ 18} "A trial court has broad discretion when imposing discovery sanctions." Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, syllabus. A trial court's decision to exclude an expert witness due to unfair surprise is reviewed for an abuse of discretion. Kolidakis v. McLendon Trucking Co., Mahoning App. No. 03 MA 64, 2004-Ohio-3638, citing Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 86. Since this court reviews a trial court's decision on this issue for an abuse of discretion, we must decide whether the trial court's decision in any particular case was unreasonable, arbitrary or unconscionable and cannot substitute our judgment for that of the trial court. Berkv. Matthews (1990), 53 Ohio St.3d 161, 169. The fact that one court may exclude evidence in one case does not mean that it acts improperly when it refuses to do so in another. Kolidakis,
supra.
 {¶ 19} Ohio Civ.R. 16 contemplates the exchange of expert reports during pretrial conferences. Loc.R. 21 III (E)(5) requires that a list of expert trial witnesses, with reports attached, be disclosed at the final pretrial. Further, Loc.R. 21.1(B) requires that expert reports be provided to opposing counsel no later than thirty days prior to trial.
 {¶ 20} Specifically at issue here is Loc.R. 21.1 (I) (A) and (B), which govern the use of expert witnesses and expert reports in Cuyahoga County and state as follows:
"(A) Since Ohio Civil Rule 16 authorizes the Court to requirecounsel to exchange the reports of medical and expert witnessesexpected to be called by each party, each counsel shall exchangewith all other counsel written reports of medical and expertwitnesses expected to testify in advance of the trial. Theparties shall submit expert reports in accord with the timeschedule established at the Case Management Conference. The partywith the burden of proof as to a particular issue shall berequired to first submit expert reports as to that issue.Thereafter, the responding party shall submit opposing expertreports within the schedule established at the Case ManagementConference. Upon good cause shown, the Court may grant theparties additional time within which to submit expert reports.
 "(B) A party may not call an expert witness to testify unlessa written report has been procured from the witness and providedto opposing counsel. It is counsel's responsibility to takereasonable measures, including the procurement of supplementalreports, to insure that each report adequately sets forth theexpert's opinion. However, unless good cause is shown, allsupplemental reports must be supplied no later than thirty (30)days prior to trial. The report of an expert must reflect hisopinions as to each issue on which the expert will testify. Anexpert will not be permitted to testify or provide opinions onissues not raised in his report."
 {¶ 21} In this case, a final pretrial was held on October 28, 2003. Poppy's expert report was provided to Whitmore on November 13, 2003, twenty days prior to trial. Thereafter, Whitmore filed a motion in limine to exclude the testimony of Poppy's expert, which was granted by the court. Under the above provisions, Poppy failed to timely disclose and provide a copy of the report to Whitmore.
 {¶ 22} We find Poppy's reliance on Martin TransportationCo., Inc. v. Umbaugh (Feb. 18, 1988), Cuyahoga App. No. 53407, unpersuasive. In Martin Transportation there was no evidence in the record that a final pretrial was ever held, regardless of who actually conducted the purported pretrial. Further, the Loc.R. 21 in question in Martin Transportation has since been substantially rewritten reducing the time prior to trial for disclosure of expert reports from sixty days to thirty days. The Supreme Court of Ohio has held in a dispute involving the exclusion of expert testimony that "* * * appellate courts must look at the language of the local rule that was in place at the time the suit was commenced to determine whether the trial court abused its discretion." Vaught v. Cleveland Clinic Found.
(2003), 98 Ohio St.3d 485. Since the record here demonstrates that a final pretrial was held on October 28, 2003, albeit without the trial judge as provided in Loc.R. 21(III)(A), the expert report should have been disclosed by that time, or at least within thirty days of the trial date. In either case, although the report existed for more than a year, it was not disclosed.
 {¶ 23} Moreover, in this case, the parties engaged in the discovery process. Civ.R. 26(E)(1)(b) provides that a party has the duty to supplement his answers to discovery inquiries into "the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify." One of the purposes behind this rule is to eliminate surprise. Jones v. Murphys (1984), 12 Ohio St.3d 84, 86. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries. Vaught v. Cleveland ClinicFound., 98 Ohio St.3d 485. A trial court may impose Civ.R. 37(D) sanctions for a violation of Civ.R. 26(E)(1)(b), including the exclusion of a prospective witness. Jones, 12 Ohio St.3d at 86.
 {¶ 24} In this case, the trial court reasonably concluded that Whitmore would be unfairly prejudiced if Poppy's expert would have been allowed to testify or if Poppy would have been able to use the findings in the report. The local rules control the discovery deadline in the absence of a court order to the contrary. No such order existed or was requested. Poppy did not notify Whitmore of the expert or the report until November 13, 2003, twenty days before trial. The record reveals that the report was dated October 2, 2002, one month prior to the date of refiling the action and more than one year prior to the trial date. Although Poppy argues there was time to depose this witness before trial, Whitmore did not have an expert available to assist in the deposition, or to assist in cross-examination, or to rebut that expert's testimony. The court specifically found that "Plaintiff failed to produce expert report to defendant despite being in possession of it for one year until 20 days before trial. Manifest injustice precludes its use." Given these facts, we decline to find that the trial court abused its discretion when it precluded the expert testimony and report.
 {¶ 25} Poppy's second assignment of error is therefore overruled.
 {¶ 26} Poppy's third assignment of error reads as follows:
 {¶ 27} "The court erred by granting appellee's motion for directed verdict on the issue of damages, refusing to allow the jury to consider the issue of damages and awarding only nominal damages."
 {¶ 28} Civ.R. 50(A)(4) sets forth the standard for granting a motion for directed verdict as follows:
"When a motion for directed verdict has been properly made,and the trial court, after construing the evidence most stronglyin favor of the party against whom the motion is directed, findsthat upon any determinative issue reasonable minds could come tobut one conclusion upon the evidence submitted and thatconclusion is adverse to such party, the court shall sustain themotion and direct a verdict for the moving party as to thatissue."
 {¶ 29} This rule requires that the trial court give the nonmoving party the benefit of all reasonable inferences that may be drawn from the evidence. Broz v. Winland, 68 Ohio St.3d 521,526, 1994-Ohio-529. When determining a motion for a directed verdict, the trial court must submit an essential issue to the jury if there is sufficient credible evidence to permit reasonable minds to reach different conclusions on that issue.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284-285.
 {¶ 30} Although a motion for a directed verdict requires a trial court to review and consider the evidence, the motion does not present a question of fact or raise factual issues. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, paragraph one of the syllabus. A motion for a directed verdict tests the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Id. at 68-69. A motion for a directed verdict, therefore, presents a question of law, and an appellate court conducts a de novo review of the lower court's judgment. Howell v. Dayton Power Light Co. (1995),102 Ohio App.3d 6, 13.
 {¶ 31} In this case, the propriety of the trial court's decision not to permit the jury to consider the damage question and the decision to award only $10 in nominal damages must be viewed in light of the sufficiency of the evidence presented. Here, Poppy offered the contract price as the basis of the fair market value of the residence with her view of a purported comparable property. Poppy's expert opinion and report were properly excluded. No evidence was offered that a trier of fact could rely on to establish the fair market value of the residence on or about December 28, 2001. Poppy's personal statement regarding the purported comparable property that she believed set the value at $405,000 does not establish the fair market value of her residence. Further, it undermines her claim that the equitable specific performance remedy is the proper resolution, since the contract price of $455,000 is $50,000 more than the purported comparable.
 {¶ 32} It is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case. Booth v. Booth (1989),44 Ohio St.3d 142, 144. A seller, being under a duty to mitigate damages, has an obligation to consummate a new sale as expeditiously as possible. Peterman v. Dimoski, Hamilton App. No. C-020116, 2002-Ohio-7337. In light of the fact that Poppy did nothing to mitigate her damages, the trial court's determination that her claim that the property had a value of $405,000 was "speculative" was not an abuse of discretion.
 {¶ 33} Since Poppy failed to present sufficient credible evidence to establish the fair market value of the property upon which reasonable minds could determine her damages, we find the trial court properly granted the directed verdict on the issue of damages.
 {¶ 34} Poppy's third assignment of error is overruled.
 {¶ 35} Poppy's fourth assignment of error reads as follows:
 {¶ 36} "The court erred by refusing to admit documentary evidence offered by appellant."
 {¶ 37} In the last assignment of error, Poppy objects to the trial court's decision to exclude two documents relative to the transfer of a purported comparable property that sold for $405,000 in an effort to establish the fair market value of Poppy's residence at the time of the breach. Poppy argues the documents were admissible to establish that she was telling the truth. We disagree.
 {¶ 38} It is well settled that a trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Moreover, error predicated on an evidentiary ruling does not warrant reversal of the trial court's judgment unless the court's actions were inconsistent with substantial justice and affected the substantial rights of the parties. Evid.R. 103(A); Civ.R. 61.
 {¶ 39} Evid.R. 403(B) governs discretionary exclusion of evidence and states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by consideration of undue delay, or needless presentation of cumulative evidence." Pursuant to Evid.R. 403(B), the trial court has discretion to exclude evidence, and it gave several reasons why it excluded the documents, including duplicity, hearsay, and lack of probative value.
 {¶ 40} Poppy testified at trial to the fair market value of her house as well as a comparable house that sold in the neighborhood, making the deed and conveyance fee statement merely cumulative evidence. Furthermore, the deed and conveyance fee were not offered to establish an interest in property pursuant to Evid.R. 803(15), but rather to prove the truth of the matter asserted, and thus are inadmissible hearsay. As such, we cannot say that the trial court abused its discretion when it excluded such evidence.
 {¶ 41} Poppy's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Celebrezze, Jr., J., concur.