DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. James T. O'Daniel, defendant below and appellant herein, pled "no contest" to: (1) ten counts of illegal use of a minor in nudity oriented material in violation of R.C. 2907.323(A)(1); (2) one count of possession of criminal tools in violation of R.C. 2923.24; and (3) possession of dangerous ordinance in violation of R.C. 2923.17. *Page 2 
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT VIOLATED APPELLANT'S EIGHTH AMENDMENT, MADE APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT BY SENTENCING HIM TO A TERM OF FIFTY ONE YEARS IN PRISON."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE/NON MINIMUM SENTENCES ON THE APPELLANT."
 {¶ 3} Appellant was Judy Cordy's live-in boyfriend. Sometime between August 1, 2005 and October 1, 2005, Cordy's daughter dropped off her children (ages two and five) to spend the night with their grandmother. After the girls fell asleep, appellant and Cordy posed the girls so as to expose their genitals in a sexually suggestive way. Appellant took eight polaroid photographs, then handed Cordy the camera. Cordy took photographs of appellant (1) with his penis next to one girl's mouth, and (2) with his penis next to one girl's vagina.
 {¶ 4} Nearly two years later, the Highland County Sheriff's Office received a tip that appellant possessed child pornography. After authorities executed a search warrant at the home, they found the photographs of Cordy's granddaughters, a polaroid camera and a sawed-off shotgun. Subsequently, the Highland County Grand Jury returned an indictment, charging appellant with the offenses mentioned above, as well as two counts of gross sexual imposition. Appellant initially pled not guilty, but later agreed to plead "no contest" in exchange for dismissal of the two gross sexual imposition charges. *Page 3 
 {¶ 5} On March 27, 2008, after ensuring that appellant understood his constitutional rights, the trial court accepted appellant's pleas and found him guilty. At the April 30, 2008 sentencing hearing, the trial court imposed five year prison sentences on each of the ten counts of illegal use of a minor in nudity-oriented material, and six months each for possession of criminal tools and dangerous ordinance. The court also ordered the sentences to be served consecutively for a total sentence of fifty-one years in prison.[1] This appeal followed.[2]
 I {¶ 6} Appellant asserts in his first assignment of error that the fifty-one (51) year prison sentence constitutes "cruel and unusual punishment" and violates his rights under the Eighth Amendment to the United States Constitution. We disagree.
 {¶ 7} The Eighth Amendment states that "cruel and unusual punishment" shall not be inflicted on criminal defendants.[3] This prohibition applies to the states through the Due Process Clause of theFourteenth Amendment. See Wilson v. Seiter (1991), 501 U.S. 294, 296-297,111 S.Ct. 2321, 115 L.Ed.2d 271; Robinson v. California (1962), 370 U.S. 660, 667,82 S.Ct. 1417, 8 L.Ed.2d 758. Although originally designed *Page 4 
to prohibit such acts as torture, Eighth Amendment jurisprudence in modern times has expanded to other areas including questions about sentences that are, arguably, disproportionate to the crimes that were committed. State v. Weitbrecht (1999), 86 Ohio St.3d 368, 370-371,715 N.E.2d 167. For penalties to violate the Eighth Amendment, they must be so greatly disproportionate to the crimes committed that they not only shock the reasonable person, but also the sense of justice of the community. Id.
 {¶ 8} In the case sub judice, appellant asserts that his fifty-one year cumulative prison sentence is disproportionate to the offenses that he committed. The flaw in his argument, however, is that he looks to the cumulative total of his combined sentences. The Ohio Supreme Court has recently ruled that, for purposes of Eighth Amendment proportionality review, we must focus on individual sentences rather than the cumulative impact of the multiple sentences imposed consecutively. State v.Hairston, 118 Ohio St.3d 289, 888 N.E.2d 1073, 2008-Ohio-2338, at ¶ 20. Thus, if an individual prison sentence is not grossly disproportionate to the offense committed, an aggregate prison sentence resulting from the consecutive imposition of the sentences does not constitute cruel and unusual punishment for purposes of the Eighth Amendment. Id at the syllabus.
 {¶ 9} The illegal use of a minor in nudity-oriented materials is a second degree felony. R.C. 2907.323(B). Allowable prison terms for second degree felonies range from two to eight years. R.C. 2929.14(A)(2). The five year prison term appellant received falls in the middle range of the permissible sentence. In view of the facts of this case, we cannot conclude that appellant's five year sentence shocks the *Page 5 
conscience. Therefore, we find no Eighth Amendment violation and the first assignment of error is hereby overruled.[4]
 II {¶ 10} Appellant asserts in his second assignment of error that the trial court erred by imposing consecutive, non-minimum sentences. We disagree with appellant.
 {¶ 11} The Ohio Supreme Court recently spoke about the proper standard to be employed when reviewing sentences. That standard involves a two step approach where we (1) ensure that the sentence is not clearly and convincingly contrary to law, and (2) if it is not contrary to law, determine if the imposition of that sentence constitutes an abuse of discretion. State v. Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124,2008-Ohio-4912, at ¶ 4.
 {¶ 12} As to the first step of this standard, appellant does not argue that the sentences are contrary to law (and we do not find any such violation). It appears that the trial court followed the pertinent sentencing statutes and, as noted above, the sentences fall in the middle of the allowable statutory range.
 {¶ 13} After concluding that the sentences are not contrary to law, we now must consider whether the trial court abused its discretion in the imposition of the sentences. *Page 6 
Generally, an abuse of discretion connotes more than an error of law or judgment; it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466,470, 644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58,61, 552 N.E.2d 894, 898. In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.
 {¶ 14} To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias. Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485,787 N.E.2d 631, 2003-Ohio-2181, ¶ 13; Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 15} Our review of the sentencing hearing transcript reveals that the trial court relied on a number of factors before it imposed the sentences. First, the girls were in their grandmother's home and appellant, as her boyfriend, was an authority figure who stood "in the role" of their protector. Second, upon appellant's arrest, appellant not only showed no remorse but apparently "found the situation humorous and laughable." Third, the trial court cited appellant's "history of criminal convictions." Finally, the court recited a litany of its previous cases that involved sexual offenses committed against a child and the sentences that it imposed. After it reviewed those cases, the court did not find that the sentences it imposed on appellant were disproportionate to the offenses he committed. *Page 7 
 {¶ 16} We recognize that other courts may have exercised their discretion differently in this matter. However, that is not the standard that we must apply when we review for the abuse of discretion. Here, the trial court obviously invested considerable thought into the sentences and cited numerous factors to justify the sentences. Additionally, the sentences are not arbitrary and we are not persuaded that, under the circumstances of this case, they are unreasonable or unconscionable. Accordingly, we hereby overrule appellant's second assignment of error.
 {¶ 17} Having reviewed all errors assigned and argued by appellant in his brief, and finding merit in none of them, the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
[1] The record indicates that appellant was born August 7, 1958, thus making him forty-nine (49) years old at the time he was sentenced. Appellant notes in both assignments of error that the fifty-one year prison sentence means that he will in all probability spend the rest of his life behind bars.
[2] This Court granted appellant leave to file a delayed appeal on September 11, 2008.
[3] The same guarantee is provided by Section 9, Article I of the Ohio Constitution. Because appellant couches his argument solely in terms of the federal constitution, we restrict our analysis to that document.
[4] We come to the same conclusion with respect to the sentences imposed for possession of criminal tools and dangerous ordinance. Because appellant confines his analysis to the first ten counts of the indictment (illegal use of a minor in nudity-oriented materials), and because the six month terms imposed on the eleventh and twelfth counts of the indictment (possession of criminal tools and dangerous ordinance) amount to less than one percent (1%) of the prison time imposed, we constrain our analysis to those counts as well. *Page 1