[No. G019628. Fourth Dist., Div. Three. Jan. 9, 1997.]

KOREA DATA SYSTEMS COMPANY LTD. et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
AAMAZING TECHNOLOGIES CORPORATION et al., Real Parties in
Interest.

**COUNSEL**

Kopeny & Powell and William J. Kopeny for Petitioners.

Rutter, Greene & Hobbs, Frank D. Hobbs, Geoffrey M. Gold, Sacks & Zweig, Michael K. Zweig and Filomena E. Meyer for Real Parties in Interest.

**OPINION**

**RYLAARSDAM, J.**—In response to a motion to compel, the trial court ordered petitioner to produce documents allegedly subject to the attorney-client privilege. The order was based on the court's finding that failure to file a timely privilege log, waived the privilege. Petitioners filed a petition for writ of mandate seeking to reverse the order. We issued an alternative writ and now grant the petition, holding that a forced waiver of the attorney-client privilege is not an authorized sanction for failure to file a privilege log.

## FACTS

Petitioners, Korea Data Systems Company Ltd. and others (collectively KDS), sued Aamazing Technologies Corporation and others (collectively, Aamazing) for breach of contract. Aamazing served KDS with a request for production of documents. KDS served a timely but nonspecific response, which included ". . . general objections based upon the attorney/client privilege and the work product doctrine." Subsequently, KDS filed a supplemental response consisting of specific responses to each request; these responses again included objections based on the attorney-client privilege. Still later, KDS served a second supplemental response to the request for production, again consisting of general objections and more detailed objections to each response as well as an agreement to produce some of the documents.

Eventually, Aamazing filed a motion pursuant to Code of Civil Procedure section 2031, subdivision (*l*) (all further statutory references are to the Code of Civil Procedure unless otherwise indicated). The motion sought further responses in compliance with the specificity requirements of section 2031, subdivision (f) and sought to compel KDS to serve a privilege log.

KDS opposed the motion but served a privilege log shortly after being served with the motion. The court appointed a discovery referee pursuant to section 639, subdivision (e). The referee issued a report recommending Aamazing's motion be granted and held: "[O]bjections to all the document [*sic*] demand[ed], including those objections on attorney-client and work product grounds set forth in [petitioners'] untimely 'privilege log' provided only after this motion was filed, are overruled. . . ."

KDS filed objections to the report and moved the referee to relieve them from the waiver under section 2031, subdivision (k). The motion was denied. The trial court then adopted the referee's recommendations and executed a

statement of decision finding a waiver of the attorney-client and work product privileges.

KDS sought a writ of mandate and requested an immediate stay. We granted the stay and issued an alternative writ.

## DISCUSSION

■ Interlocutory review by writ is the only adequate remedy where a court orders production of documents which may be subject to a privilege, "since once privileged matter has been disclosed there is no way to undo the harm which consists in the very disclosure." (*Raytheon Co.* v. *Superior Court* (1989) 208 Cal.App.3d 683, 686 [256 Cal.Rptr. 425], citing *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 336 [107 Cal.Rptr. 309, 508 P.2d 309].) The attorney-client privilege "deserves a particularly high degree of protection in this regard since it is a legislatively created privilege protecting important public policy interests, particularly the confidential relationship of attorney and client and their freedom to discuss matters in confidence." (*Raytheon Co.* v. *Superior Court, supra,* 208 Cal.App.3d at p. 686; see also *Mitchell* v. *Superior Court* (1984) 37 Cal.3d 591, 599 [208 Cal.Rptr. 886, 691 P.2d 642].)

■ We agree with KDS's claim that the court erred in finding the attorney-client privilege waived by the untimely filing of a privilege log. Section 2031, subdivision (k) provides in part: "If a party to whom an inspection demand has been directed fails to serve a timely response to it, that party waives any objection to the demand, including one based on privilege or on the protection for work product under Section 2018." Here, KDS filed timely objections to the discovery request, albeit "boiler plate" objections lacking the specificity the statute mandates. While the code calls for more specific responses than were originally provided, and while we recognize the use of "boiler plate" objections as were provided in this case may be sanctionable, the appropriate sanction is not a judicially imposed waiver of the attorney-client privilege.

Prior to the 1987 amendment to the discovery statutes, the law recognized only two methods for waiving the attorney-client privilege. In *Motown Record Corp.* v. *Superior Court* (1984) 155 Cal.App.3d 482 [202 Cal.Rptr. 227], the responding party failed to assert attorney-client and attorney work product privileges in a timely manner. The trial court ruled this constituted a waiver of the privileges. The Court of Appeal issued a peremptory writ of mandate and reversed. In discussing the privilege, the court noted: "The

exclusive means by which the attorney/client privilege may be waived are specified in section 912 of the Evidence Code. These are (1) when the holder of the privilege, without coercion, and in a nonconfidential context, discloses a significant part of the communication or consents to such disclosure by anyone, and (2) when there is a failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to do so. [¶] In the underlying action neither of these events has occurred as to the attorney/client privilege. Plaintiffs timely claimed that privilege. Their initial dereliction was in their failure to present a competent and sufficiently specific factual description of documents substantiating such claim. Plaintiffs' . . . delinquency . . . may not be equated with a total failure to claim the privilege . . . ." (*Id.* at p. 492.)

The Legislature subsequently enacted section 2031, subdivision (k) which provides a third means by which the privilege may be waived: failure to file a timely response. Former section 2031 did not contain a comparable waiver provision. (See *Blue Ridge Ins. Co.* v. *Superior Court* (1988) 202 Cal.App.3d 339, 343-344, 347 [248 Cal.Rptr. 346].) However, neither section 2031, subdivision (k) nor Evidence Code section 912 authorizes a finding of waiver based on a failure to file a privilege log in a timely manner. Although lacking the proper specificity, KDS did assert the attorney-client privilege in a timely manner. The court therefore erred in holding the privilege was waived. Other remedies exist to deter the type of abusive discovery tactics engaged in by petitioner.

The code provides a variety of sanctions against a party who frustrates the purposes of the discovery statutes. "The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to an inspection demand, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2031, subd. (k).) If a party fails to obey a court order, the court has a variety of additional remedies including, "the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023." (*Ibid.*) The authorized sanctions do not include ordering a privilege waived. Both the referee's recommendation and the court's order based upon it were in error.

Petitioners also complain that the court's "rubber stamping" of the discovery referee's report was an improper abdication of its responsibilities. Because of our resolution of the waiver issue, we need not address this issue.

(But see *Rockwell Internat. Corp.* v. *Superior Court* (1994) 26 Cal.App.4th 1255, 1269 [32 Cal.Rptr.2d 153]; *Marathon Nat. Bank* v. *Superior Court* (1993) 19 Cal.App.4th 1256, 1261 [24 Cal.Rptr.2d 40].)

Let a peremptory writ of mandate issue directing respondent to amend and modify its order of April 12, 1996, to vacate that portion of the order finding a waiver of the privilege as to the documents and ordering production of the documents to which KDS asserted the claim of privilege, and proceed according to law.

Sills, P. J., and Crosby, J., concurred.