[No. B171152. Second Dist., Div. Four. June 28, 2004.]

BEST PRODUCTS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GRANATELLI MOTORSPORTS, INC., Real Party in Interest.

**COUNSEL**

Alan S. Yockelson; Cotkin, Collins & Ginsburg, Terry C. Leuin and Douglas A. Greer for Petitioner.

No appearance for Respondent.

Hornblower, Manning, Ward & Bernardino, Stanley L. Friedman, Rafael Bernardino, Jr.; and Julius S. Grush for Real Party in Interest.

OPINION

**HASTINGS, J.—**

## INTRODUCTION

This writ proceeding involves a discovery dispute in commercial litigation between plaintiff Granatelli Motorsports, Inc. and defendant Best Products, Inc. The operative pleadings are the complaint and cross-complaint.

Plaintiff served a set of requests for inspection and production of documents and propounded a set of interrogatories. Defendant responded with, inter alia, boilerplate objections of attorney-client privilege and work product privilege. Plaintiff brought motions to compel and to preclude defendant from making any further objections. At the hearing on the motions, the court essentially held that defendant's failure to produce a privilege log resulted in the waiver of its right to object based upon privilege and granted the motions to compel. A minute order filed by the trial court several days later recast its order by stating it had overruled the privilege objections because defendant had failed to substantiate them.

■ This petition by defendant followed. We issued an alternative writ because interlocutory review is appropriate when a petition alleges a discovery order will result in disclosure of information protected by the attorney-client privilege or the work product privilege. (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 292 [4 Cal.Rptr.3d 883].) Because the trial court's order was in excess of the authority conferred by statutory and decisional law, we will issue a writ directing it to set it aside and to enter a new and different order directing defendant to properly respond to plaintiff's discovery requests.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2003, plaintiff served its "first set of [52] requests for inspection and production of documents" that "evidence, refer or relate" to the issues raised by the lawsuit. On that same day, plaintiff also served its "first set of [54] special interrogatories" that sought identification of all persons, documents and facts relating to the issues raised by the pleadings.

On September 3, 2003, defendant responded to both discovery requests with boilerplate objections, including attorney-client privilege and work product privilege.

A "meet and confer" process did not resolve plaintiff's concerns about defendant's boilerplate objections.

Plaintiff then filed two motions.

One was a motion "to provide a full and complete statement of compliance, *without further objection*, to plaintiff's first set of requests for inspection and production of documents." (Italics added.) The motion claimed plaintiff's requests did "not relate to privileged matters[.]" It also urged defendant's responses, including its assertions of the attorney-client and work product privileges were "raised in a repetitive, meaningless boilerplate fashion [with] no attempt to link the specific objection to the specific documents [defendant] purports are privileged or otherwise not discoverable." Plaintiff conceded the categories of documents it sought "may encompass documents that are subject to a privilege [but that if defendant intended to raise that privilege, it] must prepare a privilege log setting forth sufficient information to determine whether or not any privilege applies. . . . [Defendant] fails to do so. Failure to produce a privilege log is an implicit admission that the privilege objection is without merit and is made in bad faith. . . . the objection should be overruled as stated because it is too broad and not specified in any manner." Plaintiff cited no pertinent statutory or decisional authority to support these legal arguments.

Plaintiff's other motion was to compel further responses to its interrogatories *without objection*. The motion urged that defendant's responses had been entirely evasive, incomplete, without merit or substantial justification, and in bad faith. In regard to the objections of attorney-client privilege and work product, plaintiff claimed its interrogatories did not seek disclosure of any protected communications or documents but "only the identity of such document, i.e., the title, author, date and/or subject matter of the document in a manner sufficient for the issuance of a *subpoena duces tecum*." Plaintiff claimed defendant had never explained how disclosure of this information invaded the attorney-client privilege and argued that defendant's "failure to specify, during the meet and confer process, how the *Interrogatories* invades the attorney-client privilege or attorney work product doctrine is an admission that this objection [is] without merit and [is] made in bad faith." Plaintiff, however, offered no authority (statutory or decisional) as to why the defendant's purported delicts would preclude defendant from continuing to raise these two objections.

On October 24, 2003, defendant filed separate oppositions to each of plaintiff's motions. Each opposition claimed plaintiff's motions were now "moot" because "further responses and documents have already been voluntarily provided" to plaintiff's counsel. Defendant argued it had been necessary

to file its boilerplate (and timely) objections because plaintiff had refused to grant it reasonable extensions of time to permit it to prepare full responses.

On November 3, 2003, the court conducted a hearing on the motions. The court had not been provided with defendant's supplemental responses. Plaintiff's counsel first stated he had the "discovery responses, but the same objections are posed" and then concluded "I don't withdraw a request to have the court overrule these objections and order real responses[.]" Defendant's counsel responded "these are real responses" that stated "after having time to get these documents together, work with our client, . . . said we would produce all nonprivileged documents responsive to [plaintiff's] request." The court asked if defendant had furnished a privilege log. Defense counsel replied: "We are putting it together now." The court retorted: "Here we are now at the motion. This is not a two-step process. [¶] . . . [¶] If you don't support your objections and demonstrate that there are privileged documents that haven't been produced, this is the point where that falls apart, where the rubber meets the road." At another point, the court stated that because defense counsel had not yet tendered a privilege log: "They [defendant] lose all of their objections on the grounds of privilege." When defense counsel explained he had not had sufficient time "to go through the file and find the attorney privilege letters and enumerate them all," the court replied: "At the point where you served your opposition to this motion [to compel] was the point that that showing had to be made. It hasn't been made. You have the burden to support the privilege objection with admissible evidence. [¶] . . . you have missed something if you think you don't have to support your objections at the hearing on the motion to compel with admissible evidence. [¶] . . . any objection on the grounds of attorney-client or work-product privilege is by the board here as a result of no privilege log verified."

The court's minute order for the November 3, hearing reads: "Defendant's objections are overruled. The motions to compel are granted."

On November 7, in response to an ex parte application from defendant to stay its earlier order,[1] the court filed a lengthy order. It reads, in pertinent part:

"Defendant . . . has applied ex parte for a stay of the court's order of November 3, 2003, overruling defendant's objections to discovery requests and granting plaintiff's motion to compel. [The] application shows that it misunderstands the court's November 3, 2003 order. [It] contends the court erred in ruling that [defendant] had waived the attorney-client privilege. The

---

[1] That application is not included in the present record.

court in that order did not rule that a waiver had taken place: the court overruled defendant's objections on the ground that it had not shown that any documents were subject to the attorney-client privilege.

"The party asserting privilege, in this case [defendant], has the burden, when challenged, of showing that the evidence it seeks to suppress is within the terms of the statute establishing the privilege, i.e., a communication between a client and a lawyer. [Citations.] Another way of putting the rule is that, if a timely motion to compel has been filed, the burden is on the responding party to justify any objection. [Citation.]

"[Defendant] did not demonstrate that *any* documents constitute communications between the client and its attorneys. When faced with plaintiff's motion to compel, it was [defendant's] burden to show by competent evidence that documents being withheld constituted communications that were between the client and her attorney. This is normally done with a properly authenticated privilege log. . . .

"In the case at bar, [defendant] did not supply a properly authenticated privilege log as part of its opposition to plaintiff's motion. [It] thus failed to carry its burden to show that any document withheld from production constituted a communication between the client and its attorneys. [Defendant's] attorney submitted no evidence that any document is attorney work product, and no evidence was submitted to support the claim of burden. Accordingly, the court on November 3, 2003, ruled that [defendant] had not shown that any documents are protected by any privilege asserted, that objection was overruled, and the burden objection was not well taken. Accordingly,

"IT IS ORDERED that [defendant's] ex parte application for a stay is DENIED." (Fns. omitted.)

This writ petition followed. We issued a temporary stay order and requested and received preliminary opposition from plaintiff. After consideration of that opposition, we issued an alternative writ of mandate.

## DISCUSSION

### A. *Requests to Inspect and Produce Documents*

■ The trial court effectively held that defendant had waived its right to assert the attorney-client and work product privileges because it had failed to

file a privilege log in regard to plaintiff's request to inspect and produce.[2] That ruling was error. Statutory law recognizes only three methods by which a party can waive a privilege. Two are found in Evidence Code section 912 and are inapplicable to this cause.[3] The one pertinent to this proceeding is found in subdivision (*l*) of section 2031 of the Code of Civil Procedure.[4] It provides: "If a party to whom an inspection demand has been directed fails to serve a timely response to it, that party waives any objection to the demand, including one based on privilege or on the protection for work product under Section 2018." Consequently, only if defendant had failed to file a timely response to plaintiff's demand can the court find a waiver of privilege. There is absolutely no requirement that a privilege log be tendered at this point of the discovery proceedings. (*Korea Data Systems Co. v. Superior Court* (1997) 51 Cal.App.4th 1513, 1517 [59 Cal.Rptr.2d 925].) Because defendant did assert the attorney-client and work product privileges in a timely manner, albeit in a boilerplate fashion, the court erred in finding a waiver of privilege(s). (*Id.* at p. 1517.)

To a certain extent, it appears that the trial court misapprehended the stage of a proceeding at which a privilege log becomes relevant. As we recently explained: "[T]he expression, 'privilege log,' does not appear in section 2031 or anywhere else in the Code of Civil Procedure[.] . . . The expression is jargon, commonly used by courts and attorneys to express the requirements of subdivision (g)(3) of section 2031.[5] [Citations.] [¶] The purpose of a 'privilege log' is to provide a specific factual description of documents in aid of substantiating a claim of privilege in connection with a request for document production. [Citation.] The purpose of providing a specific factual description of documents is to permit a judicial evaluation of the claim of

---

[2] Plaintiff parses the trial court's ruling and claims "the trial court did not overrule such objections based on [defendant's] failure to ever produce a privilege log rather it overruled the objections because after repeated opportunities to justify its 'boilerplate' assertions, it utterly failed to proffer any justification for its objections" and "the trial court did not abuse its discretion" in making that ruling. The trial court's comments at the November 3, 2003 hearing clearly indicate to the contrary. In any event, plaintiff's argument is the proverbial distinction without a difference because, as we shall explain, the trial court lacked authority to overrule the objections at this juncture of the proceeding.

[3] Those two methods are: (1) the disclosure of a privileged communication in a nonconfidential context and (2) the failure to claim the privilege in a proceeding in which the holder has the legal standing and opportunity to do so. (See, in general, *Motown Record Corp. v. Superior Court* (1984) 155 Cal.App.3d 482, 492 [202 Cal.Rptr. 227].)

[4] All subsequent undesignated statutory references are to the Code of Civil Procedure.

[5] "Subdivision (g)(3) requires a responding party who objects to the demand for inspection of a document based upon a claim of privilege, to '(A) identify with particularity [the] document . . . , and (B) set forth clearly the extent of, and the specific ground for, the objection . . . , the particular privilege . . . [and] [i]f an objection is based on a claim that the information sought is protected work product under Section 2018, that claim shall be expressly asserted.' " (*Hernandez v. Superior Court, supra,* 112 Cal.App.4th at p. 292, fn. 8.)

privilege. [Citations.]" *(Hernandez v. Superior Court, supra,* 112 Cal.App.4th at p. 292.)

    ■   The need for a privilege log could have arisen had plaintiff properly moved to compel further responses to contest defendant's conclusory attorney-client and work product objections. Subdivision (m) of section 2031 provides: "If the party demanding an inspection, on receipt of a response to an inspection demand, deems . . . (3) an objection in the response is without merit or too general, that party may move for an order compelling further response to the demand." In that context, defendant could be required to produce a privilege log that is sufficiently specific so the trial court could determine whether a specific document is or is not privileged. Plaintiff, however, did not rely upon that statutory provision in bringing its motion.

    ■   In any event, even had plaintiff brought and prevailed on a motion on that statutory ground, the court could not find a waiver of privilege. The statute authorizes the court to make orders compelling further responses that adequately identify and describe documents for which a party (here, defendant) has raised boilerplate assertions of the attorney-client and work product privileges. If defendant fails to comply with such an order, section 2031 sets forth the exclusive remedies available to the court. The trial court can "make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Section 2023. In lieu of or in addition to that sanction, the court [could] impose a monetary sanction under Section 2023."[6] (§ 2031, subd. (m).) However, even at that juncture, the statute does *not* include as an authorized sanction a judicial order that a privilege has been waived. *(Korea Data Systems Co. v. Superior Court, supra,* 51 Cal.App.4th at p. 1517.)

### B.  *Interrogatories*

    To the extent that the trial court also found that defendant's failure to provide a privilege log constituted a waiver of its right to assert privilege in regard to the interrogatories propounded by plaintiff, that ruling was error.

    ■   Statutory law provides the sole method by which a claim of privilege can be waived in responding to an interrogatory. Section 2030, subdivision (k) provides, in relevant part: "If a party to whom interrogatories have been directed fails to serve a timely response, that party waives . . . any

---

   [6] This statutory framework rebuts plaintiff's argument that defendant is claiming it can "banketly [*sic*] assert the attorney-client privilege to requests for production of documents and interrogatories (which seek the identity of documents), and then refuse to substantiate such claims in any manner, or form, prior to a hearing on a motion to compel . . . and then maintain that counsel and the Court should just take its word that the privilege somehow applies."

objection to the interrogatories, including one based on privilege or on the protection for work product under Section 2018." This provision is inapplicable to this case because defendant did file timely responses that complied with the mandate of subdivision (f)(3) of section 2030. That provision explains: "If an objection [to an interrogatory] is based on a claim of privilege, the particular privilege invoked shall be clearly stated. If an objection is based on a claim that the information sought is protected work product under Section 2018, that claim shall be expressly asserted."

Given this statutory framework, the lack of privilege log is a nonissue. As we explained in *Hernandez v. Superior Court, supra,* 112 Cal.App.4th 285: "[A] responding party may object to an interrogatory that seeks privileged *information* by clearly stating the objection and the particular privilege invoked. But the *existence* of a document containing privileged information is not privileged. [Citations.] Interrogatories may be used to discover the existence of documents in the other party's possession. [Citation.] If an interrogatory asks the responding party to identify a document, an adequate response must include a description of the document. [Citation.] [*Consequently,*] *a 'privilege log' is unnecessary with regard to answering interrogatories seeking the identification of documents.* [Citation.]" (*Id.* at p. 293, last italics added.)

██ If plaintiff's complaint was that defendant tendered boilerplate responses lacking any specificity to its interrogatories, then plaintiff could have sought relief through another statutory provision. Subdivision (*l*) of section 2030 provides: "If the propounding party, on receipt of a response to interrogatories, deems that (1) an answer to a particular interrogatory is evasive or incomplete, (2) . . . the required specification of those documents is inadequate, or (3) an objection to an interrogatory is without merit or too general, that party may move for an order compelling a further response." However, plaintiff's motion to compel answers to its interrogatories did *not* cite or discuss subdivision (*l*).

For the guidance of the parties and the trial court in the event of further discovery litigation, we note that a party has "no right to refuse to identify documents in response to interrogatories, even if [it] may properly refuse to produce them later, based upon a claim of privilege. [Citation.]" (*Hernandez v. Superior Court, supra,* 112 Cal.App.4th at p. 294.) And were a party to fail to obey an order compelling further response to interrogatories, the court could "make those orders that are just, including the imposition of an issue sanction, an evidence sanction, or a terminating sanction under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023." (§ 2030, subd. (*l*).) However, a judicial order finding a waiver of privilege is not authorized by the statute.

## DISPOSITION

Let a peremptory writ of mandate issue compelling respondent court to set aside its order of November 3, 2003, overruling defendant's objections of attorney-client privilege and work product privilege to the discovery propounded by plaintiff on July 30, 2003, and to make a new and different order directing defendant (1) to serve further responses to the production requests which include a particularized identification of all documents to which the attorney-client or work product privilege is asserted and the facts justifying assertion of the privileges, and (2) to serve further responses, without objection, to interrogatories requesting identification of relevant documents but not their contents. The temporary stay order issued on November 13, 2003, is to remain in effect pending finality of this opinion. Petitioner (defendant) is to recover its costs in this proceeding. (Cal. Rules of Court, rule 56.4.)

Epstein, Acting, P. J., and Curry, J., concurred.