OPINION
{¶ 1} Defendant-appellant, First Financial Ins. Co., appeals the order of the Warren County Court of Common Pleas directing that components of appellant's attorney-client privilege be waived as a sanction for appellant's discovery violation.
 {¶ 2} This case involves a convoluted set of facts and corresponding procedural posture that centers on a controversy over insurance coverage. During the course of this case, appellant and plaintiffs-appellees, Janus Hotels and Beck Hospitality Inc. ("Janus/Beck"), agreed on very few issues regarding discovery, necessitating the trial court's intervention.
 {¶ 3} The order of the trial court that is the subject of this appeal was issued November 9, 2005. In this entry, the trial court ordered that the deposition of appellant's in-house counsel, Christopher Strapp, be taken in Warren County before the end of that year. Strapp was apparently previously identified as an individual who had knowledge about settlement negotiations that took place in a lawsuit in Hamilton County.
 {¶ 4} The trial court noted in its entry that "defendant [appellant] has forestalled discovery repeatedly. It has delayed the trial of this matter unnecessarily. On the other hand, * * * [Janus/Beck} has made sweeping demands for discovery, which do not in any way bear on the narrow issue that this case actually presents."
 {¶ 5} In ordering that Strapp be deposed, the trial court concluded by stating, "The Court expressly finds that [appellant's] attorney-client privilege is waived here as a sanction for not producing any witness knowledgeable about the motivations behind the settlement with [plaintiff from another case] in the Hamilton County case."
 {¶ 6} It is from this order that appellant instituted this appeal, setting forth one assignment of error.
 {¶ 7} "THE TRIAL COURT ERRED IN RULING THAT FIRST FINANCIAL'S INH-OUSE COUNSEL SHALL BE PRODUCED FOR DEPOSITION AND THAT THE ATTORNEY-CLIENT PRIVILEGE WAS WAIVED AS A SANCTION FOR FIRST FINANCIAL'S FAILURE TO PRODUCE ANY WITNESS KNOWLEDGEABLE ABOUT THE MOTIVATIONS BEHIND THE SETTLEMENT OF THE HAMILTON COUNTY LITIGATION."
 {¶ 8} In a contrast to the discovery problems that occurred between the parties at the trial court level, the parties to this appeal have apparently stumbled upon common ground. Namely, appellant maintains that the trial court erred in imposing a waiver of attorney-client privilege upon appellants as a sanction for a discovery violation and Janus/Beck agrees.
 {¶ 9} One of the purposes of the Rules of Civil Procedure is to eliminate surprise, and this is accomplished through a discovery procedure that mandates a free flow of accessible information between the parties upon request, and imposes sanctions for failure to timely respond to reasonable inquiries.Jones v. Murphy (1984), 12 Ohio St.3d 84, 86.
 {¶ 10} Civ.R. 37 provides for sanctions should a party fail to follow an order regarding discovery. Civ.R. 37(B)(2) states that if any party or officer, or person designated to testify on behalf of a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just and among others, in part, the following:
 {¶ 11} (a.) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for purposes of the action in accordance with the claim of the party obtaining the order;
 {¶ 12} (b.) an order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting that party from introducing designated matters into evidence;
 {¶ 13} (c.) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing an action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
 {¶ 14} (d.) in lieu of any of the foregoing or in addition thereto, an order treating the failure as a contempt of court.
 {¶ 15} The trial court may also require the party or the attorney advising the party, or both, to pay reasonable expenses, including attorney fees, caused by the failure.
 {¶ 16} Civ.R. 37(D) indicates that when a party, or officer of the party fails to attend a deposition or to serve answers to interrogatories or to respond to requests for inspection, the trial court may make such orders that are just, and among others it may take any action authorized under subsections (a), (b), and (c) of (B)(2), which we listed above.
 {¶ 17} It is well-settled that trial courts enjoy considerable discretion in the regulation of discovery proceedings. Manofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668. The appropriateness of the choice of sanction is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Russo v. Goodyear Tire Rubber Co.
(1987), 36 Ohio App.3d 175, 178. The trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction that is most appropriate. Id.; Billman v. Hirth (1996),115 Ohio App.3d 615, 619.
 {¶ 18} Therefore, absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. State ex rel. The V. Cos. v. Marshall,81 Ohio St.3d 467, 469, 1998-Ohio-329; McMahon v. Shumaker, Loop Kendrick,LLP, 162 Ohio App.3d 739, 743-744, 2005-Ohio-4436, ¶12.[1] The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Higbee Co. v.Cuyahoga Cty. Bd. of Revision, 107 Ohio St.3d 325, 2006-Ohio-2, ¶ 48.
 {¶ 19} "It is the cornerstone of the American adversarial process that the attorney-client privilege is inviolate."Insurance Outlet Agency, Inc. v. American Medical Sec., Inc.
(Aug. 9, 2001), Licking App. No. 01CA36. The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice." H D Steel Service Inc. v. Weston,Hurd, Fallon, Paisley Howley (July 23, 1998), Cuyahoga App. No. 72758, citing Upjohn Co. v. United States (1981),449 U.S. 383, 389, 101 S.Ct. 677.
 {¶ 20} "While this privilege is not absolute, it is to remain inviolate unless it is clearly waived." H D Steel ServiceInc.; G. Rand Smith Co. L.P.A., v. Footbridge Capital, LLC,
Union App. No. 14-01-39, 2002-Ohio-2189, ¶ 7; see, also, R.C.2317.02.
 {¶ 21} After reviewing the record in the case at bar, we agree with the parties that the trial court abused its discretion when it ordered the waiver of attorney-client privilege as a sanction for appellant's discovery violations. We find that a judicially-imposed waiver of attorney-client privilege is not a just order in regard to discovery failures. Cf., Korea DataSystems Co. v. Superior Court (1997), 51 Cal. App.4th 1513, 1517, 59 Cal. Rptr.2d 925; see Civ.R. 37.
 {¶ 22} Further, we do not accept the invitation to decide whether appellant's conduct constituted a waiver of attorney-client privilege, or any other matter outside of the specific assignment of error set forth herein. Accordingly, appellant's sole assignment of error is sustained to the extent that it disputed the court-imposed waiver of attorney-client privilege as a discovery sanction. While we have resolved the issue raised on appeal, the trial court will be free to fashion a different discovery sanction if it finds it is appropriate to do so to achieve discovery compliance.
 {¶ 23} Judgment reversed and remanded.
Walsh, P.J., and Young, J., concur.
[1] We note, for example, that the Ohio Supreme Court stated that it is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record did not show willfulness or bad faith on the part of the responding party. State ex rel. Dispatch Printing Co. v.Johnson, 106 Ohio St.3d 160, 2005-Ohio-4384, ¶ 49.